**Robert J. JAMES, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 06–00–00031–CR.

Court of Appeals of Texas,
Texarkana.

Submitted April 5, 2001.

Decided April 27, 2001.

William S. Morian, Seale, Stover, and Bisbey, Jasper, for appellant.

A.W. Davis Jr., Crim. Dist. Atty., Newton, for appellee.

Before CORNELIUS, C.J., GRANT and ROSS, JJ.

## OPINION

Opinion by Chief Justice CORNELIUS.

Robert James appeals from his conviction for the offense of aggravated sexual assault. He was convicted by a jury, which assessed punishment at life imprisonment. James contends in two points of error that the court erred by excluding evidence about the alleged victim and by

improperly admitting evidence about extraneous offenses at the punishment phase of trial.

James does not attack the sufficiency of evidence, which showed that James engaged in sexual relations with his seven-year-old daughter.

■ James first argues that the court erred by excluding records of the Texas Protective and Regulatory Service about the victim, and particularly possible evidence of prior false accusations made by the victim. James sought the evidence pursuant to the provisions of Section 261.201 of the Texas Family Code. That statute provides as follows:

§ 261.201. Confidentiality and Disclosure of Information

(a) The following information is confidential, is not subject to public release under Chapter 552, Government Code, and may be disclosed only for purposes consistent with this code and applicable federal or state law or under rules adopted by an investigating agency:

(1) a report of alleged or suspected abuse or neglect made under this chapter and the identity of the person making the report; and

(2) except as otherwise provided in this section, the files, reports, records, communications, audiotapes, videotapes, and working papers used or developed in an investigation under this chapter or in providing services as a result of an investigation.

(b) A court may order the disclosure of information that is confidential under this section if:

(1) a motion has been filed with the court requesting the release of the information;

(2) a notice of hearing has been served on the investigating agency and all other interested parties; and

(3) after hearing and an in camera review of the requested information, the court determines that the disclosure of the requested information is:

(A) essential to the administration of justice; and

(B) not likely to endanger the life or safety of:

(i) a child who is the subject of the report of alleged or suspected abuse or neglect;

(ii) a person who makes a report of alleged or suspected abuse or neglect; or

(iii) any other person who participates in an investigation of reported abuse or neglect.

Tex.Fam.Code Ann. § 261.201(a) (Vernon Supp.2001), § 261.201(b) (Vernon 1996) (*amended by* Act of May 30, 1999, 76th Leg., ch. 1390, § 22, 1999 Tex.Gen.Laws 4702). James contended that he believed the victim had made untrue accusations about child abuse, and he wanted the records so he could effectively cross-examine witnesses about the accusations and assess their credibility. James argues that the exclusion of this evidence violated his constitutional right of cross-examination.

The trial court reviewed the sealed records *in camera* and issued an order denying James' request for release of the records. We have reviewed the sealed file. It contains no record that would have been useful to James in preparing or conducting his defense or his cross-examination of the witnesses, nor does it show that any prior allegation was determined to be false. Thus, no error is demonstrated.

■ James next contends that the trial court erred by admitting at the punishment phase of the trial evidence about extraneous bad acts, despite the prosecution's failure to give proper notice of intent to introduce the extraneous evidence pur-

suant to TEX.CODE CRIM.PROC.ANN. art. 37.07, § 3(g) (Vernon Supp.2001). Article 37.07, § 3 provides:

Sec. 3. Evidence of prior criminal record in all criminal cases after a finding of guilty.

(a) Regardless of the plea and whether the punishment be assessed by the judge or the jury, evidence may be offered by the state and the defendant as to any matter the court deems relevant to sentencing, including but not limited to the prior criminal record of the defendant, his general reputation, his character, an opinion regarding his character, the circumstances of the offense for which he is being tried, and, notwithstanding Rules 404 and 405, Texas Rules of Criminal Evidence, any other evidence of an extraneous crime or bad act that is shown beyond a reasonable doubt by evidence to have been committed by the defendant or for which he could be held criminally responsible, regardless of whether he has previously been charged with or finally convicted of the crime or act.....

. . . .

(g) On timely request of the defendant, notice of intent to introduce evidence under this article shall be given in the same manner required by Rule 404(b), Texas Rules of Criminal Evidence. If the attorney representing the state intends to introduce an extraneous crime or bad act that has not resulted in a final conviction in a court of record or a probated or suspended sentence, *notice of that intent is reasonable only if the notice includes the date on which and the county in which the alleged crime or bad act occurred and the name of the alleged victim of the crime or bad act.* The requirement under this subsection that the attorney representing the state give notice applies only if the defendant makes a timely request to the attorney representing the state for the notice.

TEX.CODE CRIM.PROC.ANN. art. 37.07, § 3(a), (g) (Vernon Supp.2001) (emphasis added).

James bases his complaint on the provisions of Subsection (g). The record shows that fourteen months before trial, James filed a motion seeking notice of intent to introduce extraneous offense evidence. Seven months before trial, the trial court entered an order directing the prosecutor to provide the required information at least twenty-one days before trial was set to begin. The State failed to provide all of the requested information.

The trial court allowed evidence of the extraneous acts, which consisted of testimony by four adults who were related to James that he had engaged in various forms of sexual activity with them when they were young children.

On James' objection, there was an extensive discussion of this matter in a bench conference. James was awaiting trial on two different charges of sexual abuse of a juvenile involving two different victims in cause numbers 4759 and 4760. This case was trial court cause number 4760. The prosecutor told the court that he had sent James' counsel the requested information in cause number 4759, which was tried separately from cause number 4760, and that he had sent an identical sheet in cause number 4760, but he could not produce a copy of it.

■ The purpose of Article 37.07, § 3(g) is to avoid unfair surprise, so that the defendant will have adequate time to prepare for the extraneous offense evidence the state will present at trial. *Chimney v. State,* 6 S.W.3d 681, 694 (Tex.App.—Waco 1999, no pet.); *Nance v. State,* 946 S.W.2d 490, 493 (Tex.App.—Fort Worth 1997, pet. ref'd).

James argues that the State's notice is inadequate because it does not specify the dates of the extraneous acts or the county where they occurred, and because it did not reference the cause number of this case. The notice lists the witnesses, states that their testimony would be "in regard to sexual acts performed by the defendant upon the witness when the witness was under the age of 17 years," and then gives city addresses for five of the witnesses and the post office addresses for two additional witnesses. The actual notice references only cause number 4759, but the transmittal letter accompanying the notice refers to both cause numbers.

The prosecutor told the trial court that he sent a notice in both causes. The transmittal letter supports this statement, but the only notice shown in the record references only cause number 4759.

Further, the notice is deficient in two respects. It does not give the time when the acts occurred, except to say they happened to all of the victims when they were children. It does not specify the location where the bad acts occurred, either by county as required by the statute, or in any other way.

However, because of the near-identical nature of the two cases, the fact that they were both being handled by the same attorney, the parallel nature of the prosecutions, the State's representations that notice was sent in both cases, and the transmittal letter supporting the giving of notice in both cases, we conclude that the court did not abuse its discretion by concluding that notice was, in fact, given in both cases. The adequacy of the notice, however, is another question.

■ All of the witnesses identified in the notice are close family members who lived with or near James when they were growing up. Thus, although the exact location of the acts is not given, we find that the notice substantially complies with the requirement that it give the location where the acts occurred.

■ The lack of even an approximate date for the acts is, however, a more serious defect. Lacking even a general statement about the time the acts occurred, the notice was not adequate for James to identify and investigate them. We further note that James is not required to complain about the adequacy of the notice, but that the State is required by statute to provide specific information. The State did not do so here. We therefore conclude that in these circumstances, the notices were inadequate to give James the full notice required by the statute.

■ We now determine if the error is harmful. TEX.R.APP.P. 44.2(b) provides that "[a]ny ... error, defect, irregularity, or variance that does not affect substantial rights must be disregarded." A substantial right is affected when the error had a substantial and injurious effect or influence in determining the jury's verdict. *King v. State*, 953 S.W.2d 266, 271 (Tex. Crim.App.1997) (citing *Kotteakos v. United States*, 328 U.S. 750, 776, 66 S.Ct. 1239, 90 L.Ed. 1557 (1946)); *Patton v. State*, 25 S.W.3d 387, 394 (Tex.App.—Austin 2000, pet. ref'd) (applying this standard in the context of inadequate notice of intent to use extraneous offenses at punishment).

■ In arguing that the error was harmful, James cites a case applying former Rule 81(b)(2), not the current Rule 44.2(b). He argues that because he received the maximum punishment for a first degree felony—life imprisonment—harm has necessarily been shown. We disagree. The punishment, standing alone, does not necessarily show that the error was harmful. However, in the circumstances of this case, improperly admitted evidence show-

ing a continuing pattern of child abuse on the part of James that stretched over a period of decades likely had a substantial and injurious effect on the jury's verdict on the punishment.

We affirm the judgment of conviction, but reverse and remand the cause for a new trial on punishment only pursuant to TEX.CODE CRIM.PROC.ANN. art 44.29(b) (Vernon Supp.2001).