TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN





NO. 03-

01-00268-CR







Rudolph Joseph Roethel, Appellant



v.



The State of Texas, Appellee 






FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 368TH JUDICIAL DISTRICT


NO. 00-340-K368, HONORABLE BURT CARNES, JUDGE PRESIDING





 A jury convicted Rudolph Joseph Roethel on seven charges that he committed sexual
offenses against his ten-year-old stepdaughter. The jury assessed the maximum sentence for each
count--life in prison for aggravated sexual assault; twenty years in prison for attempted aggravated
sexual assault, indecency with a child by contact, and second-degree felony criminal solicitation of
a minor; and ten years for both indecency with a child by exposure and third-degree felony criminal
solicitation of a minor. See Tex. Pen. Code Ann. §§ 15.01, 15.031, 21.11, & 22.021 (West 1994 &
Supp. 2002). Appellant does not challenge his convictions, but contends that the trial court erred
at the punishment phase by permitting the State to call appellant's sister to testify about his sexual
assaults of her; appellant contends that the State's notice of intent to introduce evidence of
extraneous offenses was insufficient because it did not specify the dates and places that the assaults
allegedly occurred. We will reverse the judgment as to punishment and remand for a new
punishment hearing.


BACKGROUND


 Because appellant does not challenge his conviction (and, at the punishment phase,
admitted his guilt), we need not extensively recount the evidence that on various occasions appellant
touched his minor stepdaughter's breasts with his hand or mouth, penetrated her vagina with his
finger, and showed her his erect penis, asking her to touch him and to have sex with him.

 Before trial, appellant requested that the State disclose its intention to introduce
evidence of other crimes, wrongs, or acts at the punishment phase. The State responded that it
intended to introduce evidence that "Rudolph Roethel committed the act of Aggravated Sexual
Assault of his sister [name omitted] when she was a child." At the punishment phase, when the State
called appellant's sister to testify about those events, appellant objected that the notice of her
testimony was inadequate because it did not state when and where the alleged offenses occurred. 
The court, while agreeing that the notice could have been more specific, concluded that the notice
satisfied the purpose of the rule because the notice was sufficient to avoid unfairly surprising the
defendant.

 Appellant's sister, who is a year younger than appellant, testified that he sexually
assaulted her at their home from the time she was twelve years old until he left for the army when
she was seventeen years old--approximately from 1969 through 1974. She said he would touch her
breasts with his hand and try to put his hands down her pants. She said she sometimes was
awakened by him pulling off her underwear or penetrating her vagina with his penis. Appellant was
never charged with or convicted of these assaults.

 After several witnesses testified on appellant's behalf, appellant himself testified. He
acknowledged committing the offenses against his sister and his stepdaughter.


DISCUSSION


 By his sole point of error, appellant contends that the court erred by admitting his
sister's testimony at the punishment phase because the State's notice was inadequate. The notice
requirement states:


On timely request of the defendant, notice of intent to introduce evidence under this
article shall be given in the same manner required by Rule 404(b), Texas Rules of
Criminal Evidence. If the attorney representing the state intends to introduce an
extraneous crime or bad act that has not resulted in a final conviction in a court of
record or a probated or suspended sentence, notice of that intent is reasonable only
if the notice includes the date on which and the county in which the alleged crime or
bad act occurred and the name of the alleged victim of the crime or bad act.



Tex. Code Crim. Proc. Ann. art. 37.07, § 3(g) (West Supp. 2002) (emphasis added). We review the
admission of evidence of extraneous offenses for an abuse of discretion. See Mitchell v. State, 931
S.W.2d 950, 953 (Tex. Crim. App. 1996). That means we will affirm the trial court's decision if it
is within "the zone of reasonable disagreement." Salazar v. State, 38 S.W.3d 141, 153-54 (Tex.
Crim. App. 2001). 

 Appellant preserved this error by objecting at trial to the admission of the evidence
that was the subject of the notice. See Tex. R. App. P. 33.1(a)(1)(A). The notice statute does not
require that defendants complain about the adequacy of notice before trial. See Tex. Code Crim.
Proc. Ann. art. 37.07, § 3. Although a pretrial objection would let the State correct deficiencies
while still giving defendants time to prepare for trial, we find no such requirement imposed on
defendants. See James v. State, 47 S.W.3d 710, 714 (Tex. App.--Texarkana 2001, no pet.) (noting
that defendant "is not required to complain about the adequacy of the notice, but that the State is
required by statute to provide specific information."). The objection at trial was sufficient.

 The Legislature's enactment of article 37.07 section (g) constrains the trial court's
exercise of discretion in determining whether to admit evidence of extraneous offenses at the
punishment phase. Unlike Rule 404(b), which requires only "reasonable" notice of intent to offer
evidence of extraneous offenses to prove something other than the defendant's character, article
37.07 specifies that notice is reasonable only if the notice includes the date on which and the county
in which the alleged crime or bad act occurred. Compare Tex. Code Crim. Proc. Ann. art. 37.07,
§ 3(g) with Tex. R. Evid. 404(b). Despite the plain language of the statute, courts have carved out
exceptions to the rule so that the notice need not specify exact counties. See Roman v. State, 986
S.W.2d 64, 65 (Tex. App.--Austin 1999, pet. ref'd) (notice that specified towns and events rather
than counties and dates sufficiently specific); see also James, 47 S.W.3d at 714 (notice of testimony
"in regard to sexual acts performed by the defendant upon the witness when the witness was under
the age of 17 years" that also gave addresses of witnesses--defendant's close family members who
lived with or near defendant at time of offenses--sufficient as to place of offense); Nance v. State,
946 S.W.2d 490, 493 (Tex. App.--Fort Worth 1997, no pet.) (notice of city and address of offense
satisfies requirement of naming county of offense). Courts also have given the State leeway in
specificity, perhaps because children may not always be able to recall specific dates of offenses. See
Splawn v. State, 949 S.W.2d 867, 870-71 (Tex. App.--Dallas 1997, no pet.) (notice of weekly
offenses against children within eighteen-month range, "several occasions" within five months, and
two offenses in two months sufficient); Hohn v. State, 951 S.W.2d 535, 537 (Tex. App.--Beaumont
1997, no pet.) (notice of several offenses against child within three-and-one-half months sufficient).
But see James, 47 S.W.3d at 714 (notice of testimony "in regard to sexual acts performed by the
defendant upon the witness when the witness was under the age of 17 years" insufficient as to date
of offense).

 Appellant contends that the court erred by admitting the evidence because the State's
notice was unreasonable as it lacked the date on which and the county in which he assaulted his
sister. Appellant also argues that the notice was deficient because it indicated that evidence of a
single assault would be offered, but the witness testified about assaults over a period of five years;
he waived this argument by failing to raise it at the trial court. See Tex. R. App. P. 33.1(a).

 The notice in this case is minimal. It states that appellant "committed the act of
Aggravated Sexual Assault of his sister [name omitted] when she was a child." The notice thus
mentions a single offense without specifying a county or a date other than the victim's childhood,
in contrast with the victim's testimony about multiple offenses occurring at their home during a five-year period.

 We conclude that the State failed to provide the notice required by the Legislature,
making the notice unreasonable as a matter of law and leaving the district court with no discretion
to admit the evidence. The only indication of a county in the notice is an inference that the brother
and sister involved lived together during their childhood. Although the notice does not exclude the
possibility that the offense occurred away from their home, we need not decide whether the notice
is sufficient as to the place of the offense because we conclude it provides insufficient notice of the
date of the offense. See James, 47 S.W.3d at 714. The notice limits the span of time during which
the offense occurred only to the victim's childhood. Even discounting the years of infancy and early
childhood of appellant and his sister, the notice narrows the period to a range of about eight years. 
Notice of one offense occurring sometime during an eight-year period does not satisfy the
Legislature's directive that notice is "reasonable only if the notice includes the date on which and
the county in which the alleged crime or bad act occurred . . . ." See Tex. Code Crim. Proc. Ann. art.
37.07, § 3(g). The State may have difficulty in giving notice of specific dates and places of past
offenses--particularly those involving adults who were victimized as children--but we cannot
ignore the Legislature's clear determination of what information comprises reasonable notice. 
Although courts have allowed some range of time to satisfy the date requirement, the notice in this
case is too general to satisfy even those relaxed standards. Under these facts, we must hold that he
district court abused its discretion by concluding otherwise.

 We must next consider whether the court's error was harmful. Although the court's
error was the determination that the notice was reasonable, the harm to be assayed is the consequent
erroneous admission of evidence. Because this is not a constitutional error, we will disregard the
erroneous admission of evidence if it did not adversely affect substantial rights or the jury's verdict,
or had only a slight effect on the jury's verdict. See Avila v. State, 18 S.W.3d 736, 741-42 (Tex.
App.--San Antonio 2000, no pet.). See also Tex. R. App. P. 44.2(b). Error in the admission of
evidence can be rendered harmless by the admission of other, similar testimony. "It is the general
rule that when the defendant offers the same evidence to which he earlier objected, he is not in a
position to complain on appeal." Maynard v. State, 685 S.W.2d 60, 65 (Tex. Crim. App. 1985). The
corollary to this doctrine is that "the harmful effect of improperly admitted evidence is not cured by
the fact that the defendant sought to meet, destroy, or explain it by the introduction of rebutting
evidence." Id. The court held that "no waiver occurs when, after the admission over objection of
evidence of an extraneous offense, the defendant subsequently testifies to essentially the same facts
to which he had earlier objected." Id. at 66 (emphasis in original). The court of criminal appeals
held that we cannot require a defendant to avoid testifying in order to preserve error, opining that
extraneous offense evidence compels a defendant to try to mitigate that evidence. Id. The Maynard
reasoning still applies when evidence of extraneous offenses is admitted erroneously. See Leday v.
State, 983 S.W.2d 713, 718 n.9 (Tex. Crim. App. 1998).

 Appellant's acknowledgment of the events about which his sister testified was
relatively cursory. After she testified with some detail about his assaults on her, appellant testified
as follows in response to the question, "How do you feel about what you did to [your sister]?":


 I feel that was a horrible thing to do to my sister. I accept full responsibility for that.
It was--to say that it was inappropriate doesn't do justice to what transpired. It
doesn't do justice to the way that we separated from each other for so long in our
lives because how we dealt with it is she stayed away from me, and I stayed away
from her. And in a way that affected our family because that caused a lot of strife in
our family, and it caused a lot of strife in [my sister]'s life and caused her so much
undue stress that she didn't need. But I think that now that it's out in the open I can
see our family healing, and I think in the end it's going to work out for the best, that
as a family we're going to come together, and I've already seen us coming together
as we never have before.


On cross examination appellant was asked, "You understand that what you've done to [your sister]
and to [your stepdaughter] will last till the day they die. You understand that, don't you?" He
responded, "Those will always be memories in their minds, but that doesn't mean that they have to
be terrible memories." The remainder of his testimony concerned his assaults on his stepdaughter,
his subsequent remorse and reformation, and his desire for probation.

 The harm from the admission of Appellant's sister's testimony extended beyond the
substance of that testimony. It elicited appellant's response which almost certainly damaged his
defense and affected the jury's sentiments in assessing punishment. In Maynard, the defendant was
convicted of burglary with intent to commit rape. Although he requested probation, after the
admission of evidence that his car contained marihuana and a switchblade, the jury sentenced him
to seven years in prison. Id. at 67-68. Based on that record, the court of criminal appeals held that
it could not say there was not a reasonable possibility that the improperly admitted extraneous
offense evidence contributed to the punishment. Id. at 68. The relationship between the extraneous
offenses and the offenses charged was much closer in this case than in Maynard. Although the
evidence against appellant on the primary offenses was strong, we cannot say that the erroneously
admitted testimony that he repeatedly sexually assaulted his sister and his own testimony in response
to that evidence did not contribute to the jury's decision to assess the maximum punishment on all
offenses.


CONCLUSION


 We resolve the sole issue against the judgment. It would not have been too onerous
for the State to give notice that appellant's sister would testify to a series of acts that occurred in the
county where the family lived over a five-year period before appellant left for the army. The statute
requires at least this level of specificity if the notice is to be reasonable. See Tex. Code Crim. Proc.
Ann. art. 37.07, § 3(g). The State's failure to comply with this directive compels us to reverse the
judgment as to the sentences assessed and remand for a new proceeding on punishment only. Id.,
art. 44.29(b).



 

 Bea Ann Smith, Justice

Before Chief Justice Aboussie, Justices B. A. Smith and Yeakel

Affirmed in Part; Reversed and Remanded in Part

Filed: April 25, 2002

Publish