# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-01-00268-CR

---

**Rudolph Joseph Roethel, Appellant**

**v.**

**The State of Texas, Appellee**

---

**FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 368TH JUDICIAL DISTRICT
NO. 00-340-K368, HONORABLE BURT CARNES, JUDGE PRESIDING**

---

A jury convicted Rudolph Joseph Roethel on seven charges that he committed sexual offenses against his ten-year-old stepdaughter. The jury assessed the maximum sentence for each count—life in prison for aggravated sexual assault; twenty years in prison for attempted aggravated sexual assault, indecency with a child by contact, and second-degree felony criminal solicitation of a minor; and ten years for both indecency with a child by exposure and third-degree felony criminal solicitation of a minor. *See* Tex. Pen. Code Ann. '' 15.01, 15.031, 21.11, & 22.021 (West 1994 & Supp. 2002). Appellant does not challenge his convictions, but contends that the trial court erred at the punishment phase by permitting the State to call appellant=s sister to testify about his sexual assaults of her; appellant contends that the State=s notice of intent to introduce evidence of extraneous offenses was insufficient because it did not specify the dates and places that the assaults allegedly occurred. We will reverse the judgment as to punishment and remand for a new punishment hearing.

## BACKGROUND

Because appellant does not challenge his conviction (and, at the punishment phase, admitted his guilt), we need not extensively recount the evidence that on various occasions appellant touched his minor stepdaughter=s breasts with his hand or mouth, penetrated her vagina with his finger, and showed her his erect penis, asking her to touch him and to have sex with him.

Before trial, appellant requested that the State disclose its intention to introduce evidence of other crimes, wrongs, or acts at the punishment phase. The State responded that it intended to introduce evidence that ARudolph Roethel committed the act of Aggravated Sexual Assault of his sister [name omitted] when she was a child.@ At the punishment phase, when the State called appellant=s sister to testify about those events, appellant objected that the notice of her testimony was inadequate because it did not state when and where the alleged offenses occurred. The court, while agreeing that the notice could have been more specific, concluded that the notice satisfied the purpose of the rule because the notice was sufficient to avoid unfairly surprising the defendant.

Appellant=s sister, who is a year younger than appellant, testified that he sexually assaulted her at their home from the time she was twelve years old until he left for the army when she was seventeen years oldCapproximately from 1969 through 1974. She said he would touch her breasts with his hand and try to put his hands down her pants. She said she sometimes was awakened by him pulling off her underwear or penetrating her vagina with his penis. Appellant was never charged with or convicted of these assaults.

After several witnesses testified on appellant=s behalf, appellant himself testified. He acknowledged committing the offenses against his sister and his stepdaughter.

## DISCUSSION

By his sole point of error, appellant contends that the court erred by admitting his sister=s testimony at the punishment phase because the State=s notice was inadequate. The notice requirement states:

On timely request of the defendant, notice of intent to introduce evidence under this article shall be given in the same manner required by Rule 404(b), Texas Rules of Criminal Evidence. If the attorney representing the state intends to introduce an extraneous crime or bad act that has not resulted in a final conviction in a court of record or a probated or suspended sentence, *notice of that intent is reasonable only if the notice includes the date on which and the county in which the alleged crime or bad act occurred* and the name of the alleged victim of the crime or bad act.

Tex. Code Crim. Proc. Ann. art. 37.07, ' 3(g) (West Supp. 2002) (emphasis added). We review the admission of evidence of extraneous offenses for an abuse of discretion. *See Mitchell v. State*, 931 S.W.2d 950, 953 (Tex. Crim. App. 1996). That means we will affirm the trial court=s decision if it is within Athe zone of reasonable disagreement.@ *Salazar v. State*, 38 S.W.3d 141, 153-54 (Tex. Crim. App. 2001).

Appellant preserved this error by objecting at trial to the admission of the evidence that was the subject of the notice. *See* Tex. R. App. P. 33.1(a)(1)(A). The notice statute does not require that defendants complain about the adequacy of notice before trial. *See* Tex. Code Crim. Proc. Ann. art. 37.07, ' 3. Although a pretrial objection would let the State correct deficiencies while still giving defendants time to prepare for trial, we find no such requirement imposed on defendants. *See James v. State*, 47 S.W.3d 710, 714 (Tex. App.CTexarkana 2001, no pet.) (noting that defendant Ais not required to complain about the adequacy of the notice, but that the State is required by statute to provide specific information.@). The objection at trial was sufficient.

The Legislature=s enactment of article 37.07 section (g) constrains the trial court=s exercise of discretion in determining whether to admit evidence of extraneous offenses at the punishment phase.

**3**

Unlike Rule 404(b), which requires only Areasonable@ notice of intent to offer evidence of extraneous offenses to prove something other than the defendant=s character, article 37.07 specifies that notice is reasonable only if the notice includes the date on which and the county in which the alleged crime or bad act occurred. *Compare* Tex. Code Crim. Proc. Ann. art. 37.07, ' 3(g) *with* Tex. R. Evid. 404(b). Despite the plain language of the statute, courts have carved out exceptions to the rule so that the notice need not specify exact counties. *See Roman v. State*, 986 S.W.2d 64, 65 (Tex. App.CAustin 1999, pet. ref=d) (notice that specified towns and events rather than counties and dates sufficiently specific); *see also James*, 47 S.W.3d at 714 (notice of testimony Ain regard to sexual acts performed by the defendant upon the witness when the witness was under the age of 17 years@ that also gave addresses of witnessesCdefendant=s close family members who lived with or near defendant at time of offensesCsufficient as to place of offense); *Nance v. State*, 946 S.W.2d 490, 493 (Tex. App.CFort Worth 1997, no pet.) (notice of city and address of offense satisfies requirement of naming county of offense). Courts also have given the State leeway in specificity, perhaps because children may not always be able to recall specific dates of offenses. *See Splawn v. State*, 949 S.W.2d 867, 870-71 (Tex. App.CDallas 1997, no pet.) (notice of weekly offenses against children within eighteen-month range, Aseveral occasions@ within five months, and two offenses in two months sufficient); *Hohn v. State*, 951 S.W.2d 535, 537 (Tex. App.CBeaumont 1997, no pet.) (notice of several offenses against child within three-and-one-half months sufficient). *But see James,* 47 S.W.3d at 714 (notice of testimony Ain regard to sexual acts performed by the defendant upon the witness when the witness was under the age of 17 years@ insufficient as to date of offense).

Appellant contends that the court erred by admitting the evidence because the State=s notice was unreasonable as it lacked the date on which and the county in which he assaulted his sister. Appellant also argues that the notice was deficient because it indicated that evidence of a single assault would be offered, but the witness testified about assaults over a period of five years; he waived this argument by failing to raise it at the trial court. *See* Tex. R. App. P. 33.1(a).

The notice in this case is minimal. It states that appellant Acommitted the act of Aggravated Sexual Assault of his sister [name omitted] when she was a child.@ The notice thus mentions a single offense without specifying a county or a date other than the victim=s childhood, in contrast with the victim=s testimony about multiple offenses occurring at their home during a five-year period.

We conclude that the State failed to provide the notice required by the Legislature, making the notice unreasonable as a matter of law and leaving the district court with no discretion to admit the evidence. The only indication of a county in the notice is an inference that the brother and sister involved lived together during their childhood. Although the notice does not exclude the possibility that the offense occurred away from their home, we need not decide whether the notice is sufficient as to the place of the offense because we conclude it provides insufficient notice of the date of the offense. *See James*, 47 S.W.3d at 714. The notice limits the span of time during which the offense occurred only to the victim=s childhood. Even discounting the years of infancy and early childhood of appellant and his sister, the notice narrows the period to a range of about eight years. Notice of one offense occurring sometime during an eight-year period does not satisfy the Legislature=s directive that notice is Areasonable *only* if the notice includes the date on which and the county in which the alleged crime or bad act occurred . . . .@ *See* Tex.

**5**

Code Crim. Proc. Ann. art. 37.07, ' 3(g). The State may have difficulty in giving notice of specific dates and places of past offensesCparticularly those involving adults who were victimized as childrenCbut we cannot ignore the Legislature=s clear determination of what information comprises reasonable notice. Although courts have allowed some range of time to satisfy the date requirement, the notice in this case is too general to satisfy even those relaxed standards. Under these facts, we must hold that he district court abused its discretion by concluding otherwise.

We must next consider whether the court=s error was harmful. Although the court=s error was the determination that the notice was reasonable, the harm to be assayed is the consequent erroneous admission of evidence. Because this is not a constitutional error, we will disregard the erroneous admission of evidence if it did not adversely affect substantial rights or the jury=s verdict, or had only a slight effect on the jury=s verdict. *See Avila v. State*, 18 S.W.3d 736, 741-42 (Tex. App.CSan Antonio 2000, no pet.). *See also* Tex. R. App. P. 44.2(b). Error in the admission of evidence can be rendered harmless by the admission of other, similar testimony. AIt is the general rule that when the defendant offers the same evidence to which he earlier objected, he is not in a position to complain on appeal.@ *Maynard v. State*, 685 S.W.2d 60, 65 (Tex. Crim. App. 1985). The corollary to this doctrine is that Athe harmful effect of improperly admitted evidence is not cured by the fact that the defendant sought to meet, destroy, or explain it by the introduction of rebutting evidence.@ *Id.* The court held that Ano waiver occurs when, after the admission over objection of *evidence of an extraneous offense*, the defendant subsequently testifies to essentially the same facts to which he had earlier objected.@ *Id.* at 66 (emphasis in original). The court of criminal appeals held that we cannot require a defendant to avoid testifying in order to preserve error,

**6**

opining that extraneous offense evidence compels a defendant to try to mitigate that evidence. *Id*. The *Maynard* reasoning still applies when evidence of extraneous offenses is admitted erroneously. *See Leday v. State*, 983 S.W.2d 713, 718 n.9 (Tex. Crim. App. 1998).

Appellant=s acknowledgment of the events about which his sister testified was relatively cursory. After she testified with some detail about his assaults on her, appellant testified as follows in response to the question, AHow do you feel about what you did to [your sister]?@:

> I feel that was a horrible thing to do to my sister. I accept full responsibility for that. It wasCto say that it was inappropriate doesn=t do justice to what transpired. It doesn=t do justice to the way that we separated from each other for so long in our lives because how we dealt with it is she stayed away from me, and I stayed away from her. And in a way that affected our family because that caused a lot of strife in our family, and it caused a lot of strife in [my sister]=s life and caused her so much undue stress that she didn=t need. But I think that now that it=s out in the open I can see our family healing, and I think in the end it=s going to work out for the best, that as a family we=re going to come together, and I=ve already seen us coming together as we never have before.

On cross examination appellant was asked, AYou understand that what you=ve done to [your sister] and to [your stepdaughter] will last till the day they die. You understand that, don=t you?@ He responded, AThose will always be memories in their minds, but that doesn=t mean that they have to be terrible memories.@ The remainder of his testimony concerned his assaults on his stepdaughter, his subsequent remorse and reformation, and his desire for probation.

The harm from the admission of Appellant=s sister=s testimony extended beyond the substance of that testimony. It elicited appellant=s response which almost certainly damaged his defense and affected the jury=s sentiments in assessing punishment. In *Maynard*, the defendant was convicted of

**7**

burglary with intent to commit rape. Although he requested probation, after the admission of evidence that his car contained marihuana and a switchblade, the jury sentenced him to seven years in prison. *Id.* at 67-68. Based on that record, the court of criminal appeals held that it could not say there was not a reasonable possibility that the improperly admitted extraneous offense evidence contributed to the punishment. *Id.* at 68. The relationship between the extraneous offenses and the offenses charged was much closer in this case than in *Maynard*. Although the evidence against appellant on the primary offenses was strong, we cannot say that the erroneously admitted testimony that he repeatedly sexually assaulted his sister and his own testimony in response to that evidence did not contribute to the jury=s decision to assess the maximum punishment on all offenses.

## CONCLUSION

We resolve the sole issue against the judgment. It would not have been too onerous for the State to give notice that appellant=s sister would testify to a series of acts that occurred in the county where the family lived over a five-year period before appellant left for the army. The statute requires at least this level of specificity if the notice is to be reasonable. *See* Tex. Code Crim. Proc. Ann. art. 37.07, ' 3(g). The State=s failure to comply with this directive compels us to reverse the judgment as to the sentences assessed and remand for a new proceeding on punishment only. *Id.*, art. 44.29(b).


Bea Ann Smith, Justice

**8**

Before Chief Justice Aboussie, Justices B. A. Smith and Yeakel

Affirmed in Part; Reversed and Remanded in Part

Filed:   April 25, 2002

Publish