In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-01-500 CR


____________________



ROBERT J. JAMES, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 1st District Court


Newton County, Texas


Trial Cause No. 4760






OPINION


 A jury convicted Robert J. James of aggravated sexual assault and assessed a life
term of imprisonment. The appeal was transferred to the Texarkana Court of Appeals,
which reversed and remanded for a new trial on punishment only. James v. State, 47
S.W.3d 710, 714 (Tex. App.--Texarkana 2001, no pet.). On retrial, the jury assessed
punishment at confinement in the Texas Department of Criminal Justice for life and a
$10,000 fine. The sole issue raised on appeal contends: "The trial court erred in
overruling Appellant's motion for a mistrial based on the presence of Appellant before the
jury in shackles." 

 The jury was selected on October 15, 2001. During trial the following day, counsel
moved for a mistrial because the defendant had been brought into the courtroom in
shackles on the previous day. Outside the presence of the jury, the State called Deputy
Stephen Jones, who testified without objection that the defendant was restrained because
the sheriff's office had received information that James was planning an escape and had
directed one of his family members to leave a car at the old Ford place on the next block. 
The trial court noted that he had approved the procedure and that the restraints were
hidden from the jury by briefcases. 

 The appellant did not preserve error by objecting at the earliest opportunity to the
use of restraints on the appellant. Tex. R. App. P. 33.1 (a); King v. State, 953 S.W.2d
266, 268 (Tex. Crim. App. 1997). 

 Were we to assume the motion for mistrial raised on the following day did preserve
error, we find no abuse of discretion vested in the trial court. Because the constitutionally
guaranteed presumption of innocence is not implicated, shackling the defendant during the
punishment phase does not merit the strict review accorded the use of restraints during the
guilt phase of the trial. Marquez v. State, 725 S.W.2d 217, 227 (Tex. Crim. App. 1987). 
The report of an escape plot provided sufficient justification for the use of restraints. 

 Furthermore, there is no indication in the record that the jurors saw the restraints,
which the trial court noted for the record had been concealed by briefcases. The erroneous
use of restraints is harmless if the jurors do not see them. Long v. State, 823 S.W.2d 259,
283 (Tex. Crim. App. 1991); Tracy v. State, 14 S.W.3d 820, 823 (Tex. App.--Dallas
2000, pet. ref'd). 

 Issue one is overruled. The judgment is affirmed.

 AFFIRMED.


 PER CURIAM



Submitted on May 9, 2002

Opinion Delivered May 15, 2002

Do Not Publish 


Before Walker, C.J., Burgess and Gaultney, JJ.