TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







ON MOTION FOR REHEARING









NO. 03-01-00268-CR






Rudolph Joseph Roethel, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 368THJUDICIAL DISTRICT


NO. 00-340-K368, HONORABLE BURT CARNES, JUDGE PRESIDING







 We grant the State's motion for rehearing. We withdraw the opinion and judgment
dated April 25, 2002, and substitute the following opinion.

 A jury convicted Rudolph Joseph Roethel on seven charges that he committed sexual
offenses against his ten-year-old stepdaughter. The jury assessed the maximum sentence for each
count--life in prison for aggravated sexual assault; twenty years in prison for attempted aggravated
sexual assault, indecency with a child by contact, and second-degree felony criminal solicitation of
a minor; and ten years for both indecency with a child by exposure and third-degree felony criminal
solicitation of a minor. See Tex. Pen. Code Ann. §§ 15.01, 15.031, 21.11, & 22.021 (West 1994 &
Supp. 2002). Appellant does not challenge his convictions, but contends that the trial court erred
at the punishment phase by permitting the State to call appellant's sister to testify about his sexual
assaults of her; appellant contends that the State's notice of intent to introduce evidence of
extraneous offenses was insufficient because it did not specify the dates and places that the assaults
allegedly occurred. We agree that the notice failed to give specific dates or places, but conclude that
the circumstances of this appeal require that we hold that the deficient notice was harmless. We
grant the motion for rehearing and will affirm the judgment.


BACKGROUND


 Because appellant does not challenge his conviction (and, at the punishment phase,
admitted his guilt), we need not extensively recount the evidence that on various occasions appellant
touched his minor stepdaughter's breasts with his hand or mouth, penetrated her vagina with his
finger, and showed her his erect penis, asking her to touch him and to have sex with him.

 Before trial, appellant requested that the State disclose its intention to introduce
evidence of other crimes, wrongs, or acts at the punishment phase. The State responded that it
intended to introduce evidence that "Rudolph Roethel committed the act of Aggravated Sexual
Assault of his sister [name omitted] when she was a child." At the punishment phase, when the State
called appellant's sister to testify about those events, appellant objected that the notice of her
testimony was inadequate because it did not state when and where the alleged offenses occurred. 
The court, while agreeing that the notice could have been more specific, concluded that the notice
satisfied the purpose of the rule because the notice was sufficient to avoid unfairly surprising the
defendant.

 Appellant's sister, who is a year younger than appellant, testified that he sexually
assaulted her at their home from the time she was twelve years old until he left for the army when
she was seventeen years old--approximately from 1969 through 1974. She said he would touch her
breasts with his hand and try to put his hands down her pants. She said she sometimes was
awakened by him pulling off her underwear or penetrating her vagina with his penis. Appellant was
never charged with or convicted of these assaults.

 After several witnesses testified on appellant's behalf, including psychologists to
whom he admitted assaulting his sister, appellant himself testified. He acknowledged committing
the offenses against his sister and his stepdaughter.


DISCUSSION


 By his sole point of error, appellant contends that the district court erred at the
punishment phase by admitting his sister's testimony regarding his assaults on her. He contends that
the State gave insufficient notice of its intent to introduce evidence of those assaults. Evidence of
crimes, wrongs, or acts arising from an incident other than the one at issue is admissible for limited
purposes only if, upon timely request by the defendant, the State gives reasonable notice of its intent
to introduce that evidence in its case-in-chief. Tex. R. Evid. 404(b). Rule 404(b) does not define
the term "reasonable." The notice requirement specific to the punishment phase states:


On timely request of the defendant, notice of intent to introduce evidence under this
article shall be given in the same manner required by Rule 404(b), Texas Rules of
Criminal Evidence. If the attorney representing the state intends to introduce an
extraneous crime or bad act that has not resulted in a final conviction in a court of
record or a probated or suspended sentence, notice of that intent is reasonable only
if the notice includes the date on which and the county in which the alleged crime or
bad act occurred and the name of the alleged victim of the crime or bad act.



Tex. Code Crim. Proc. Ann. art. 37.07, § 3(g) (West Supp. 2002) (emphasis added).

 We review the admission of evidence of extraneous offenses for an abuse of
discretion. See Mitchell v. State, 931 S.W.2d 950, 953 (Tex. Crim. App. 1996). That means we will
affirm the trial court's decision if it is within "the zone of reasonable disagreement." Salazar v.
State, 38 S.W.3d 141, 153-54 (Tex. Crim. App. 2001). 

 The Legislature's enactment of article 37.07, section (g), limits the trial court's
discretion to admit evidence of extraneous offenses at the punishment phase. Unlike Rule 404(b),
article 37.07, section 3(g) specifies that notice is reasonable only if the notice includes the date on
which and the county in which the alleged crime or bad act occurred. Compare Tex. Code Crim.
Proc. Ann. art. 37.07, § 3(g) with Tex. R. Evid. 404(b). Despite the plain language of the statute,
courts have carved out exceptions to the rule so that the notice need not specify exact counties. See
Roman v. State, 986 S.W.2d 64, 65 (Tex. App.--Austin 1999, pet. ref'd); see also James, 47 S.W.3d
710, 714 (Tex. App.--Texarkana 2001, no pet.). Courts also have given the State leeway in
specificity regarding dates, perhaps because children (and adults victimized as children) may not
always be able to recall specific dates of offenses. See Splawn v. State, 949 S.W.2d 867, 870-71
(Tex. App.--Dallas 1997, no pet.); Hohn v. State, 951 S.W.2d 535, 537 (Tex. App.--Beaumont
1997, no pet.). But see James, 47 S.W.3d at 714.

 Appellant contends that the court erred by admitting the evidence because the State's
notice was unreasonable. He preserved his right to complain about the lack of a date and county in
the notice by objecting at trial on this basis at the outset of the punishment phase and when the State
called his sister to the stand. See Tex. R. App. P. 33.1(a)(1)(A). The notice statute does not require
that defendants complain about the adequacy of notice before trial. See Tex. Code Crim. Proc. Ann.
art. 37.07, § 3. Although a pretrial objection would let the State correct deficiencies while still
giving defendants time to prepare for trial, we find no such requirement imposed on defendants. See
James v. State, 47 S.W.3d 710, 714 (Tex. App.--Texarkana 2001, no pet.) (noting that defendant
"is not required to complain about the adequacy of the notice, but that the State is required by statute
to provide specific information"). The objection at trial was sufficient. By the same token,
appellant's failure to object that the State did not give notice of more than one extraneous offense
prevents him from raising this complaint on appeal. See Tex. R. App. P. 33.1(a).

 The State provided virtually no notice of the county and date of the offenses. The
notice states that appellant "committed the act of Aggravated Sexual Assault of his sister [name
omitted] when she was a child." The only indication of a county in the notice arises from an
implication that the brother and sister involved lived together during their childhood; the notice,
however, does not exclude the possibility that the offense occurred away from their home. We need
not decide whether the notice is sufficient as to the place of the offense because it provides
insufficient notice of the date of the offense. See James, 47 S.W.3d at 714. The notice limits the
span of time during which the offense occurred only to the victim's childhood. Even discounting
the years of infancy and early childhood of appellant and his sister, the notice narrows the period to
a range of about eight years. Although courts have allowed some range of time to satisfy the
requirement of a specific date, we conclude that an implication of a roughly eight-year span is too
general to satisfy even those relaxed standards. Courts cannot completely ignore the Legislature's
determination that notice lacking a specific date is unreasonable. See Tex. Code Crim. Proc. Ann.
art. 37.07, § 3. Under these facts, we must conclude that the notice was unreasonable as a matter of
law and that the evidence accordingly was inadmissible. The district court abused its discretion by
concluding otherwise.

 In its motion for rehearing, the State contends that its failure to provide reasonable
notice of its intent to offer extraneous offense evidence under article 37.07 section 3(g) does not
automatically render such evidence inadmissible. We disagree. Before 1993, the State could not
offer evidence of unadjudicated extraneous offenses at punishment hearings. See Grunsfeld v. State,
843 S.W.2d 521, 523 (Tex. Crim. App. 1992) (unadjudicated extraneous offense evidence
inadmissible under former article 37.07 section 3(a)). In 1993, the Legislature simultaneously
removed the bar to the admissibility of such evidence based on its substance and imposed a
procedural requirement for its admissibility. See Act of May 29, 1993, 73d Leg., R.S. Ch. 900,
§§ 5.05-5.06, 1993 Tex. Gen. Laws 3586, 3759 (codified at Tex. Code Crim. Proc. Ann. art. 37.07,
§§ 3(a) & 3(g)). The language of section 3(g) is mandatory; it states that the State "must" give notice
upon timely request and deems the notice a "requirement." See id. The logical and proper
consequence of violations of section 3(g) is that the evidence is inadmissible. If the evidence is
admissible despite the State's failure to comply with the notice requirement, the requirement is a
nullity. We are not empowered to disregard statutes that are constitutional, consistent with other
statutes, and clear.

 We are empowered and required to consider whether the district court's admission
of the evidence was harmful. See Tex. R. App. P. 44.2. Although the notice provision is mandatory,
"the violation of a mandatory statute does not, by itself, call for the reversal of a conviction." Ford
v. State, No. 1649-98, slip op. at 3, 2002 Tex. Crim. App. LEXIS 94, at *3 (Tex. Crim. App. May
1, 2002). The erroneous admission of evidence of an extraneous offense in violation of the
evidentiary rules does not violate the state or federal constitutions. Avila v. State, 18 S.W.3d 736,
741-42 (Tex. App.--San Antonio 2000, no pet.); see also Tex. R. Evid. 404(b). Nor do we see a
constitutional dimension in the admission of such evidence despite a statutory procedural bar. We
must disregard any nonconstitutional error that does not affect substantial rights. See Tex. R. App.
P. 44.2(b). To assess nonconstitutional errors, we examine whether the purpose of the statute or rule
violated was thwarted by the error. See Ford, No. 1649-98, slip op. at 4, 2002 Tex. Crim. App.
LEXIS 94, at *6. For instance, the court of criminal appeals assessed the erroneous denial of a jury
shuffle by determining whether the defendant was afforded a randomly selected jury. Id. In another
case, the court of criminal appeals held that a violation of the requirement that a defendant's waiver
of jury trial be in writing was harmless because the record showed that the purpose of the statute--to
ensure that the defendant understands the right he is waiving--was accomplished without the
writing. Johnson v. State, 72 S.W.3d 346, 348-49 (Tex. Crim. App. 2002).

 Accordingly, we must assess the harm from the violation of the notice provision of
article 37.07, section (g) against its intended purpose. Although the violation of the notice provision
resulted in the improper admission of evidence, we cannot employ the harm analysis used for
violations of the rules of evidence concerning relevancy because the purpose of those rules differs
from the purpose of the section (g) notice provision. The rules of evidence governing relevancy limit
the use of evidence that may be unfairly prejudicial or misleading; for instance, evidence of other
crimes, wrongs, or acts is inadmissible to prove the character of a person to show that the
commission of the crime at issue is consistent with the defendant's character, but is admissible for
other purposes. See Tex. R. Evid. 404(b). When evidence of an extraneous offense is admitted to
prove such character conformity, we examine the record to determine how the admission of this
substantively inadmissible evidence affected the jury's verdict. See Avila, 18 S.W.3d at 742. That
test is appropriate because the erroneous admission of the evidence thwarts the rule's purpose of
shielding the jury from evidence used for improper reasons. See id. The notice requirement found
in section 3(g), however, does not relate to the substantive admissibility of the evidence. See Tex.
Code Crim. Proc. Ann. art. 37.07, § 3(g). The lack of notice does not render the evidence inherently
unreliable, but instead raises a question about the effect of procedural noncompliance. The purpose
of the notice requirement is to enable the defendant to prepare to meet the extraneous offense
evidence. See Nance v. State, 946 S.W.2d 490, 493 (Tex. App.--Fort Worth 1997, pet. ref'd). Thus,
we must analyze how the deficiency of the notice affected appellant's ability to prepare for the
evidence. For guidance on formulating this test, we look to the test used when the State violates a
requirement that it provide a list of witnesses, but then calls someone not on the list. See Wood v.
State, 18 S.W.3d 642, 649 (Tex. Crim. App. 2000). When a district court allows the State to call an
unlisted witness, we evaluate whether the prosecutor has acted in bad faith and whether the
defendant reasonably could have anticipated the witness's testimony. See id. Although the Wood
court used this test to determine error, we conclude that the same factors are useful in determining
whether the deficient notice frustrated the purpose of the statute and thereby harms the defendant. (1) 

 Accordingly, we will examine the record to determine whether the deficient notice
resulted from prosecutorial bad faith or prevented the defendant from preparing for trial. In
determining the latter, we will look at whether the defendant was surprised by the substance of the
testimony and whether that affected his ability to prepare cross-examination or mitigating evidence.

 We find no indication of bad faith in the State's failure to provide sufficient notice. 
The notice named the victim, specified the offense, and gave a general idea of when it occurred. 
Although it did not satisfy the statutory requirements for specificity, there is no indication from the
record that the generality was intended to mislead appellant and prevent him from preparing a
defense.

 Nor did the deficiencies in the notice actually prevent appellant from preparing for
his sister's testimony. The notice informed him that she would testify about a sexual assault he
committed on her when she was a child. She testified about a series of offenses occurring over a
period of several years. There is no indication that appellant did not recall that he sexually assaulted
her or that he was surprised by any of her testimony. Before trial, appellant admitted to
psychologists that he had sexually assaulted his sister, though he did not admit to them the scope of
the assaults his sister claimed occurred. In his testimony at trial, he generally admitted that he had
assaulted her and did not contradict any of her testimony. His attorney cross-examined his sister and
presented witnesses, including his psychologists and general character witnesses, to blunt her
testimony. There is no indication that the deficiency in the State's notice prevented appellant from
adequately preparing his defense.

 Because the record does not reveal that the deficient notice was the result of
prosecutorial bad faith and because the record shows that the deficient notice did not impair
appellant's ability to prepare for that evidence or otherwise present a defense, we conclude that the
deficient notice did not affect appellant's substantial rights.

 We cannot emphasize strongly enough that this conclusion is controlled by the facts
of this case. In its motion for rehearing, the State asserts that an utter failure to give any notice in
this case would have been harmless. We caution the State not to take this opinion as license to
ignore the Legislature's mandate that the State provide notice upon request of the date and county
of extraneous offenses that have not resulted in convictions. Utterly failing to provide the required
notice would automatically render the evidence inadmissible; the State would risk having the district
court correctly exclude the evidence, thus depriving the fact finder of otherwise admissible evidence. 
Inviting trial courts to commit error by admitting such evidence despite the lack of the required
notice would generate appeals and risk reversal of punishments based on otherwise admissible
evidence. Blatant disregard of the notice requirement would be strong evidence of bad faith on the
prosecutor's part and would in most cases impair the defendant's ability to prepare for trial--either
of which would require reversal of the sentence imposed. Such inaction by the State would be a
senseless and gross waste of the time and resources of the State, the defendant, and the judicial
system. The better practice is for the State to give notice with the specificity the Legislature has
mandated.


CONCLUSION


 We resolve the sole issue in favor of the judgment and affirm the judgment.



 

 Bea Ann Smith, Justice

Before Chief Justice Aboussie, Justices B. A. Smith and Yeakel

Affirmed

Filed: June 21, 2002

Publish

1.   This test is also analogous to that used by the court of criminal appeals in assessing harm
from the variance between an indictment and the proof at trial. See Gollihar v. State, 46 S.W.3d 243,
258 (Tex. Crim. App. 2001). In that case, the serial numbers of property introduced at trial differed
from the numbers alleged in the indictment. Id. at 244. The court concluded that the variance was
immaterial because the serial number was not an element of the offense and because appellant was
not misled by the indictment, surprised by the proof, or subject to a subsequent prosecution regarding
the property marked with the serial number listed in the indictment. See id. at 258. The court
affirmed the judgment essentially because the variance did not thwart the purpose of the
indictment--to inform the defendant of the charges against him. See id. at 257-58.