NO.
12-06-00370-CR

 

IN THE COURT OF APPEALS

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

 

 

WILLIAM MACK JOHNSON,        §          APPEAL
FROM THE 173RD

APPELLANT

 

V.        §          JUDICIAL
DISTRICT COURT OF

 

THE STATE OF TEXAS,

APPELLEE   §          HENDERSON
COUNTY, TEXAS

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 

 



MEMORANDUM OPINION

            William Mack
Johnson appeals from his conviction for aggravated assault.  In two issues he argues that the trial court
should have excluded certain evidence during the punishment phase of the trial
and that the trial court should have granted his request to strike part of the
prosecutor’s argument from the record. 
We affirm.

Background 

            Because
Appellant does not contest the sufficiency of the evidence, we will briefly
state the facts that support the conviction. 
Appellant shot Thomas Howard with a rifle while Howard was in his own
front yard.  Appellant shot at Howard
from a distance away, and Howard did not see who shot him.  The two lived in the same neighborhood.  The police conducted an investigation, and
Appellant admitted that he had shot Howard.

            A
Henderson County grand jury indicted Appellant for the felony offense of
aggravated assault.  The grand jury also
alleged in the indictment that Appellant was an habitual offender.  Appellant pleaded not guilty, and a jury
trial was held.  The jury found Appellant
guilty as charged.  A separate punishment
hearing was held, and Appellant pleaded “true” to the enhancement paragraphs in
the indictment.  The jury found the
enhancements to be true and assessed punishment at life in prison.  This appeal followed.








Admission of
Evidence

            In
his first issue, Appellant argues that the trial court should have sustained
his objection to parts of certified documents that were introduced during the
punishment phase of the trial. 
Specifically, he argues that he was not given notice prior to trial that
the State intended to introduce a document that showed Appellant had been
charged previously with the offense of felon in possession of a firearm.[1]

            Generally,
a party must make a contemporaneous objection as a prerequisite to consideration
of an issue on appeal.  See Tex. R. App. P. 33.1(a)(1)(A).  Appellant concedes that he did not object to
admission of this evidence on this basis during trial.  He characterizes this evidence as an
unadjudicated prior offense for which pretrial disclosure was required.  See Tex.
Code Crim. Proc. Ann. art. 37.07, §3(g) (Vernon 2006).  Citing James v. State, 47
S.W.3d 710, 714 (Tex. App.–Texarkana 2001, no pet.), Appellant argues that an
objection is not required because the statute requires the State to provide
notice.  Appellant’s reliance on James
is misplaced.  There was a
contemporaneous objection in James when the evidence was
offered.  Id. at 713.  Because of that objection, we can only
conclude that the court meant a defendant was not required to complain at the
time notice was given, or at some other time prior to trial; not that an
objection at the time the evidence was offered was not required.  See Roethel v. State, 80 S.W.3d
276, 280 (Tex. App.–Austin 2002, no pet.) (applying James).  

            In
this case, Appellant never claimed that he did not receive pretrial notice of
this evidence and did not object on that basis when the evidence was offered.[2]   Accordingly, no complaint is preserved
for appellate review.  See Tracy v.
State, 14 S.W.3d 820, 825 (Tex. App.–Dallas 2000, pet. ref’d).  We overrule Appellant’s first issue.

Limiting
Instruction

            In
his second issue, Appellant argues that the trial court erred when it declined
to instruct the jury to disregard an argument made by the prosecutor.  

            The
prosecutor made the following argument during summation in the punishment phase
of the trial: “Now, hold on, we don’t stop there.  And what did he say in his two separate
statements?  He told Investigator Hanes,
well, you know what, I buried that firearm. 
What is that?  That’s tampering
with evidence.”  Appellant’s counsel
objected.  The court sustained the
objection.  Counsel asked for an
instruction to the jury.  The court
denied that request.  

            This
is an unusual turn of events.  As
Appellant notes, when evidence with limited admissibility is admitted, the
trial court is bound, upon request, to instruct the jury about the proper scope
of the evidence.  Tex. R. Evid. 105(a). 
There is not a similar rule for argument, but the trial court’s actions
had the effect of sustaining an objection to an argument, but leaving it in the
record.  The State argues that the trial
court’s first ruling was wrong, that the evidence that Appellant had buried the
gun was before the jury, and that the argument was a reasonable summary of the
evidence. 

            Proper
final summation may include a summary of and reasonable deductions from the
evidence, answers to the arguments of opposing counsel, and a plea for law
enforcement.  See Wesbrook
v. State, 29 S.W.3d 103, 115 (Tex. Crim. App. 2000).  This particular argument seems to be a
reasonable deduction from the evidence. 
However, if it was error not to give an instruction to disregard,
Appellant did not suffer any harm.  On
the issue of harm analysis, both parties cite to Jones v. State,
944 S.W.2d 642, 653 (Tex. Crim. App. 1996),[3] and Appellant agrees
that this issue is subject to harmless error analysis.  Error is harmless unless it has a substantial
and injurious effect or influence on the jury’s verdict and is evaluated in
light of the severity of the misconduct, the curative measures employed, and
the state of the evidence absent the misconduct.  See Threadgill v. State,
146 S.W.3d 654, 666-67 (Tex. Crim. App. 2004).

            The
severity of the misconduct, if any, is slight. 
We do not accept Appellant’s argument that the State introduced an
extraneous offense in its argument.  The
State’s comment that burying the gun was “tampering with evidence” is amenable
to the construction that the State was suggesting that Appellant had committed
another crime.  See Tex. Penal Code Ann. § 37.09 (Vernon
2006) (tampering with or fabricating physical evidence).  But it is also amenable to the common sense
construction that Appellant simply tampered with evidence when he buried the
gun he used to shoot Howard.  Under
either construction, the State’s argument did not introduce a fact or an actual
extraneous offense that was not already in the record.  The State simply offered an inference from
facts that were in the record.  

            There
were no curative measures taken.  As to
the state of the evidence, we cannot accept Appellant’s argument that the
sentence assessed in this matter was longer because the State highlighted the
fact that he buried the gun after he shot Howard with it.  That fact was of little consequence in the
trial and in the argument of the parties, and pales in comparison to the actual
offense and Appellant’s criminal record. 
Appellant was not harmed by the trial court’s refusal to instruct the
jury not to consider the State’s argument. 
We overrule Appellant’s second issue.

 

Disposition

            Having
overruled Appellant’s two issues, we affirm the judgment
of the trial court.

 

                                                                                                     JAMES
T. WORTHEN    

                                                                                                                 Chief Justice

 

Opinion
delivered August 30, 2007.

Panel consisted of Worthen,
C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

(DO NOT PUBLISH)











[1] The charge was taken into consideration, and
thereafter dismissed pursuant to Texas Penal Code, Article 12.45, when
Appellant was sentenced for another felony offense. 





[2] Appellant states that his trial attorney
renewed the objections she had made prior to the punishment hearing at a bench
conference during the hearing.  This is
accurate, but the present complaint was not one of her prior objections and is
raised for the first time on appeal.





[3] Jones pertains to a request for a
limiting instruction under Rule of Evidence 105.