In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-11-00061-CR

                                                ______________________________

 

 

                              CHARLES BENNETT BROWN,
Appellant

 

                                                                V.

 

                                     THE STATE OF TEXAS, Appellee

 

 

                                                                                                  


 

 

                                         On Appeal from the 6th Judicial District Court

                                                             Lamar County, Texas

                                                            Trial
Court No. 23983

 

                                                            
                                      

 

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                              Memorandum Opinion by Justice Carter








                                                      MEMORANDUM OPINION

 

            Charles Bennett Brown pled guilty to
delivery of cocaine in an amount of less than one gram within a drug free zone
and was found guilty and sentenced to eight years’ imprisonment.[1]  On appeal, Brown argues that insufficient
evidence supports the finding that the offense was committed in a drug free
zone as alleged in the indictment.  Brown
also complains that the trial court erred in allowing testimony of extraneous
offenses not previously disclosed in the State’s notice of intent to introduce
such testimony.  We affirm Brown’s
conviction because his plea of true to the drug free zone enhancement
allegation was sufficient to support the finding and because admission of the
extraneous acts was harmless.

I.          Sufficient
Evidence Supports the Drug Free Zone Enhancement 

            The indictment in this case alleged
that the “offense alleged herein was committed in, on, or within 1,000 feet of
premises of a playground, namely:  Buttons
and Bows Daycare and Preschool, Paris, Lamar County, Texas.”  Brown complains that while the indictment
alleged Buttons and Bows was a playground, the evidence showed that it was a
daycare.  Brown complains, therefore,
that “a material variance existed between” the indictment “and the proof at
trial which is fatal to the finding of a ‘drug free zone’ violation as alleged
in each case.”  In other words, Brown
argues that the State was required to prove that Buttons and Bows was a
playground.[2]  However, because Brown pled true to the
enhancement allegation, the evidence was sufficient to establish that the crime
occurred in a drug free zone as alleged in the indictment. 

            In Wilson v. State, the Texas
Court of Criminal Appeals explained:

Pleas
of “guilty” or “not guilty” do not constitute evidence.  Therefore, the State must present evidence to
disprove a plea of “not guilty” beyond a reasonable doubt, or to prove a plea
of “guilty[.]”  However, pleas to
enhancement allegations are different from pleas to the guilt-innocence phase
of trial because a plea of “true” does constitute evidence and sufficient proof
to support the enhancement allegation.  Such
a plea is one of several methods that may be used to prove up the enhancement
allegation.  A plea of “true” will
satisfy the State’s burden of proof for enhancement allegations.

 

671
S.W.2d 524, 526 (Tex. Crim. App. 1984) (citations omitted).  A drug free zone finding is necessary to
enhance punishment; it is not an element of the offense or a separate
offense.  Young v. State, 14 S.W.3d 748, 750 (Tex. Crim. App. 2000); see Williams v. State, 127 S.W.3d 442,
445 (Tex. App.—Dallas 2004, pet. ref’d).  Thus, a plea of true to the allegation that a
drug offense was committed within a drug free zone is sufficient to sustain
such a finding. 

            Here, after Brown pled guilty to the
offense, the trial court asked, “As to the allegations . . . that the offense
occurred in a drug-free zone, is that allegation true or not true?”  Brown responded, “It’s true.”  His written, signed confession also stated,
“Any enhancement . . . set forth in the Indictment, if any, are true and
correct.”  Therefore, because Brown pled
true to the enhancement, “the State’s burden of proof is satisfied and [Brown]
cannot complain on appeal that the evidence is insufficient to support the
enhancements.”  Williams v. State, 309 S.W.3d 124, 129 (Tex. App.—Texarkana 2010,
pet. ref’d). 
Accordingly, Brown’s first point of error is overruled. 

II.        Admission of the Extraneous Offense Evidence Was Harmless 

 

            A
trial court’s decision to admit or exclude evidence of extraneous offenses is
reviewed only for abuse of discretion.  McDonald v. State, 179 S.W.3d 571, 576
(Tex. Crim. App. 2005); Willover v. State, 70 S.W.3d 841, 845 (Tex.
Crim. App. 2002); McClure v. State,
269 S.W.3d 114, 116 (Tex. App.—Texarkana 2008, no pet.).  A trial court does not abuse its discretion
if the decision to admit evidence is within the “zone of reasonable
disagreement.”  Montgomery v. State, 810 S.W.2d 372, 391 (Tex. Crim. App. 1990)
(op. on reh’g). 
We may not substitute our own decision for that of the trial court.  Moses
v. State, 105 S.W.3d 622, 627 (Tex. Crim. App. 2003).  If the trial court’s decision on the
admission of evidence is supported by the record, there is no abuse of discretion,
and the trial court will not be reversed.  Osbourn v. State,
92 S.W.3d 531, 537 (Tex. Crim. App. 2002); Montgomery,
810 S.W.2d at 379.  

            Article 37.07, Section 3(a)(1)
allows for admission of any evidence the trial court “deems relevant to sentencing.”  Tex. Code Crim. Proc. Ann. art.
37.07, § 3(a)(1) (West Supp. 2010).  The
Legislature has expressly provided that relevant punishment evidence includes,
but is not limited to, both character evidence in the form of opinion testimony
as well as extraneous offense evidence. 
However, Article 37.07, Section 3(g) states:

On
timely request of the defendant, notice of intent to introduce evidence under
this article shall be given in the same manner required by Rule 404(b), Texas
Rules of Evidence. . . . The requirement under this subsection that the
attorney representing the state give notice applies only if the defendant makes
a timely request to the attorney representing the state for the notice.

 

Tex. Code Crim. Proc. Ann. art.
37.07, § 3(g) (West Supp. 2010).  The
State’s obligation to comply with the notice requirement in Article 37.07 was
triggered when Brown filed his request. 

            The State’s notice warned of intent
to introduce “each and every extraneous offense, crime, wrong and act . . . noted
below as well as those identified in offense reports or other documents and
recordings presented in the State’s file.” 
Among other specified convictions, the notice warned Brown that the
State would present prior convictions of assault causing bodily injury,
possession of marihuana, unlawful carrying of a weapon, and driving while
license suspended.  Brown stipulated to
the admission of these convictions. 

            Brown’s complaint focuses on
extraneous offense testimony of Selena Wolfe,[3]
who testified that she purchased drugs from Brown.  Brown objected that the following testimony
was extraneous offense testimony which was not included in the State’s notice.

            Q.        How
many times, approximately, total, that summer did you buy from him?

 

            A.        It
was a lot.  I mean, I can’t --

 

                        [Brown’s
Counsel]:  Objection, Your Honor.  We’re getting into the offenses for which
they’ve not given -- extraneous offenses for which they’ve not given notice. 

 

                        THE
COURT:  Overruled. 

 

            Q.        (By
Mrs. Pollard)  How many times is a lot to
you?

 

            A.        Forty
or fifty times, maybe.  

 

            During cross-examination, defense
counsel attempted to elicit testimony from Wolfe to establish that Brown was a
drug user rather than a dealer.  He
established that she and Brown used drugs together, both had a bad drug habit,
and reiterated that she was buying drugs from Brown, paying $20.00 to $70.00
each time.  He then asked Wolfe if Brown
was “more as a dealer or more as a user,” to which she answered, “[E]qual.”  Wolfe was then asked if Brown had gotten into
trouble with his supplier, and she explained that you get “in the hole with the
dealer means -- when you either use more or give away more or something.” 

            After cross-examination, the State
asked the following:

                        Q.        How many suppliers did Mr. Brown have? 

            Wolfe then named the five
suppliers.  

She
later stated he received three to four deliveries every week.  

Later
Wolfe was asked: 

            Q.        So,
on the average, how many customers did Mr. Brown have per week?

 

            A.        He
had customers come in and out all day, about 30 to 40 people.  

 

            Q.        Are
these regular people you’d see over and over?

 

            A.        Yes,
ma’am. 

 

            Q.        Of
the ones that you witnessed the buys, how much was he selling?

 

                        [Brown’s
Counsel]:  Object again, Judge, to
extraneous offenses not previously provided in response to the requested
notices. 

 

                        [The
State]:  Response, Your Honor --

 

                        THE
COURT:  Overruled. 

 

                        [The
State]:  Mr. Starnes has waived the
objection.  He asked about Mr. Brown’s
dealing --

 

                        THE
COURT:  I understand.  His objection is overruled.

 

            . . . .

 

            A.        Anywhere
from [$]20 to $40 at a time.  

 

Citing
to these exchanges, Brown argues that Article 37.07, Section 3(g) was
violated.  

            “The purpose of Article 37.07, §
3(g) is to avoid unfair surprise, so that the defendant will have adequate time
to prepare for the extraneous offense evidence the state will present at
trial.”  James v. State, 47 S.W.3d 710, 713 (Tex. App.—Texarkana 2001, no
pet.).  The sufficiency of the State’s
notice of extraneous offense evidence depends on the circumstances of each
case.  Webb v. State, 36 S.W.3d 164, 178 (Tex. App.—Houston [14th Dist.]
2000, pet. ref’d).  The trial court has discretion to determine what
constitutes substantial compliance with the statute’s notice requirement;
however, it may not use its discretion to excuse outright noncompliance.  See
Hernandez v. State, 176 S.W.3d 821, 824 (Tex. Crim. App. 2005) (addressing Tex. R. Evid.
404(b)’s similar notice requirement).  

            Here, the State’s notice made no
mention of additional drug sales by Brown. 
Such extraneous offenses were also not identified “in offense reports or
other documents and recordings presented in the” record.  Article 37.07, Section 3(g) specifically
states that in order for notice of “extraneous crime[s] or bad act[s] that
[have] not resulted in a final conviction” to be reasonable, at a minimum, the
State must provide “the date on which and the county in which the alleged crime[s]
or bad act[s] occurred.”  Tex. Code Crim.
Proc. Ann. art. 37.07, § 3(g). 
This was not provided in the State’s notice.  Thus, it was insufficient to provide notice
to Brown of the numerous drug sales described by Wolfe.  See
James, 47 S.W.3d at 714.  

            At trial, the State argued that
Brown waived the objection to the extraneous offense evidence by his cross-examination
of Wolfe, which included testimony about Brown’s drug habit and suppliers.  This cross-examination appeared to be an
attempt to portray Brown as a drug user who only sold drugs to support his
habit, rather than for financial benefit. 
The law does recognize a waiver of error in admitting evidence if the
same evidence is otherwise admitted without objection (in this case elicited by
Brown).  Massey v. State, 933 S.W.2d 141, 149 (Tex. Crim. App. 1996).  The corollary is that no waiver occurs if the
defendant presents evidence to meet, explain, or mitigate the effect of the
inadmissible evidence.  See Maynard
v. State, 685 S.W.2d 60, 66 (Tex. Crim. App. 1985) (defendant not required
to sit mute in face of harmful evidence to preserve issue for appellate
review).  We do not find that the
cross-examination of Wolfe concerning Brown’s drug habit and suppliers waived
his objection to Wolfe’s testimony concerning her many drug purchases and the
numerous other drug sales she observed.  


            Next, we must determine whether the
admission of Wolfe’s testimony was harmful. Although the notice provision of
Article 37.07, Section 3(g) is mandatory, failure to comply does not
automatically constitute grounds for reversal.  Ford v.
State, 73 S.W.3d 923, 925 (Tex. Crim. App. 2002).  Erroneous admission of extraneous offense
evidence in violation of Article 37.07, Section 3(g) is nonconstitutional
error; therefore, we analyze it to determine whether the error affected a
substantial right of the defendant.  Tex. R. App. P. 44.2(b); see James, 47 S.W.3d at 714; Luna v. State, 301 S.W.3d 322, 326 (Tex.
App.—Waco 2009, no pet.) (citing Apolinar v. State,
106 S.W.3d 407, 414 (Tex. App.—Houston [1st Dist.] 2003), aff’d on other grounds, 155 S.W.3d 184 (Tex. Crim. App. 2005)).  

            We evaluate the effect of the error
in admitting extraneous offense evidence without adequate notice in light of the
purpose of Article 37.07, Section 3(g), which is to prevent surprise to the
defendant.  Luna, 301 S.W.3d at 326; Roethel v. State,
80 S.W.3d 276, 281–82 (Tex. App.—Austin 2002, no pet.) (noting purpose of Article
37.07’s notice requirement is to enable defendant to prepare to meet extraneous
offense evidence and that harm is assessed in view of whether statute’s purpose
of preventing surprise was thwarted); see
McDonald v. State, 179 S.W.3d 571,
578 (Tex. Crim. App. 2005); Hernandez,
176 S.W.3d at 824 (where defendant objected only to Rule 404(b) lack of notice,
not substantive admissibility of extraneous acts, appellate court considers
only harm caused by lack of notice and effect on defendant’s ability to mount adequate
defense).  “This analysis requires
examining the record to determine whether the deficient notice resulted from
prosecutorial bad faith or prevented the defendant from preparing for
trial.”  Luna, 31 S.W.3d at 326 (citing Roethel, 80 S.W.3d at 282).  “In determining the latter,[4] appellate courts look at
whether the defendant was surprised by the substance of the testimony and
whether that affected his ability to prepare cross-examination or mitigating
evidence.”  Id. (citing Roethel,
80 S.W.3d at 282).

            Brown did not claim that he was
surprised by Wolfe’s testimony during trial. 
With respect to this issue in his brief, Brown merely stated,

Appellant’s
counsel clearly was surprised from such testimony.  From the discovery produced, he expected
testimony from Selena Wolf[e] as to only one transaction in the one case for
which she was the Appellant’s co-defendant.  Instead, he was faced with forty to fifty
transactions over a two to three week period and other drug deals occurring
with thirty to forty people per week. 
Appellant clearly had nothing with which to counter such testimony and
had no reason to anticipate the same.

 

            Despite Brown’s contentions, “we
will examine the record to determine whether the deficient notice . . . prevented
the defendant from preparing for trial.” 
Roethel,
80 S.W.3d at 282. Brown did not
indicate surprise to the court below or request additional time to prepare for
cross-examination.  We attribute this to
the fact that Brown knew that Wolfe would be called to testify in the
consolidated trial.  In addition to being
Brown’s co-defendant in one of the drug cases, Wolfe testified that she was
living with Brown, where drug transactions, including the sales to her, would
occur.  Brown’s counsel had the
opportunity to confer with Wolfe prior to trial.  During this pretrial meeting, Wolfe stated
Brown had “gotten in trouble with his supplier.”  Thus, Brown’s counsel was aware that Wolfe,
who lived with Brown and was an alleged co-defendant in a delivery of a
controlled substance case, knew that Brown was a drug dealer.  Perhaps that is why Brown did not indicate
surprise or mention to the trial court that he was unable to mount a defense to
Wolfe’s testimony relating to the numerous drug transactions.  

            Because the record does not show
that the deficient notice impaired Brown’s ability to prepare for Wolfe’s
testimony, we conclude that the deficient notice did not affect Brown’s
substantial rights.  See Roethel, 80 S.W.3d at 283. 

            We overrule Brown’s second point of
error.  

III.       Conclusion


            We affirm the trial court’s judgment. 

 

 

 

                                                                        Jack
Carter

                                                                        Justice

 

Date
Submitted:          September 7, 2011

Date
Decided:             September 9, 2011

 

Do
Not Publish

 











[1]In
a single brief, Brown appeals this conviction, as well as the following
convictions:  (1) delivery of cocaine in
an amount of less than one gram within a drug free zone in cause number
06-11-00062-CR; (2) delivery of cocaine in an amount of more than one gram but
less than four grams within a drug free zone in cause number 06-11-00063-CR;
and (3) delivery of cocaine in an amount of more than one gram but less than
four grams within a drug free zone in cause number 06-11-00064-CR.  All cases were consolidated for trial.  





[2]The
complaint stems from Officer Jeff Springer’s testimony that Buttons and Bows is
a daycare center which “sits just east and across the street” from a
playground. 





[3]Wolfe
was identified as a witness for the State in one of the four cases which were
all consolidated for trial.  





[4]Statements
in Brown’s brief that “the State obviously knew about [Wolfe],” “obviously the
State had talked with her,” “from the questioning, it is clear that the State
possessed the information concerning these forty to fifty transactions prior to
the trial,” and the allegation that “[t]he State consciously chose not to list
the [extraneous offenses] in the notice despite possessing the information,”
even if interpreted as prosecutorial misconduct, were not represented to the
trial court below.  In any event, “wholly
conclusory [statements], offering no explanation of,
much less argument supporting, [a defendant’s] allegation of prosecutorial
misconduct” is inadequate.  Garcia v. State, 887 S.W.2d 862, 876
(Tex. Crim. App. 1994), abrogated on
other grounds, Rankin v. State,
46 S.W.3d 899, 892 (Tex. Crim. App. 2001). 
Additionally, there is no evidence in the record as to when the State
acquired the information related to the extraneous offenses highlighted by
Wolfe.