TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-98-00036-CR







Charles Richard Roman, Appellant



v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF BASTROP COUNTY, 21ST JUDICIAL DISTRICT


NO. 8742, HONORABLE HAROLD R. TOWSLEE, JUDGE PRESIDING







A jury found that appellant Charles Richard Roman, a high school teacher,
unlawfully touched the genitals of a male student under seventeen years of age. See Tex. Penal
Code Ann. § 21.11 (West 1994). The jury assessed punishment for this offense at imprisonment
for fifteen years and a $5000 fine. Appellant brings forward three points of error, each
complaining of the admission of testimony at the punishment stage regarding extraneous,
unadjudicated misconduct with other students. See Tex. Code Crim. Proc. Ann. art. 37.07, § 3(a)
(West Supp. 1999) (evidence at punishment stage). Appellant contends this testimony was
inadmissible because the State did not give him the statutorily required notice of its intent to
introduce the evidence. See id. art. 37.07, § 3(g) (notice requirement). We will overrule the
points of error and affirm.

At the punishment stage of trial, the parties may offer evidence of any matter the
court deems relevant to sentencing. Id. art. 37.07, § 3(a). This may include evidence of an
extraneous crime or bad act shown beyond a reasonable doubt to have been committed by the
defendant, whether or not the crime or act has resulted in a conviction. Id. On the defendant's
timely request, the State must give notice of its intent to introduce punishment evidence. Id. art.
37.07, § 3(g). If the State intends to introduce evidence of an unadjudicated extraneous offense
or bad act, its notice to the defendant must include the date of the alleged crime or bad act, the
county in which it took place, and the name of the alleged victim. Id.

In this cause, the defense timely requested notice of extraneous offense evidence
pursuant to both rule 404(b) and article 37.07, section 3(g). See Tex. R. Evid. 404(b) (extraneous
misconduct evidence at the guilt stage). The State responded by delivering to defense counsel the
following notice:


Pursuant to Rule 404(b) and . . . Article 37.07 Sec. 3(g) . . . the State does
hereby give notice of its intent to introduce evidence in this case in chief of the
following crimes, wrongs, or acts committed by Defendant, other than those
alleged in the indictment in this cause, to wit: 


1. All acts of sexual activity and/or sexual misconduct between Charles Roman and
Johny [H.], as set forth in the report attached hereto as Exhibit "A".


2. All acts of sexual activity and/or sexual misconduct between Charles Roman and
Nat [H.], as set forth in the report attached hereto as Exhibit "A".


3. All acts of sexual activity and/or sexual misconduct involving Charles Roman
and young boys, as reported to investigating officers by Lisa [A.], Devin [A.],
John [W.], and Steven [S.] and described herein in Exhibit "A".


4. Oral admissions by Charles Roman involving acts of sexual activity and/or
sexual misconduct involving Charles Roman and various young boys, as reported
to investigating officers by Cody [S.], Lisa [A.], Devin [A.], John [W.], and
Steven [S.] and described herein in Exhibit "A".


5. All acts of sexual activity and/or sexual misconduct, as well as other
miscellaneous conduct between Charles Roman and Cody [S.], as set forth in
Exhibit "A".


The State also hereby affirms that, pursuant to its "open file" policy, this
information was made formally available and provided for counsel for the defense
since the date of the indictment in this case.



The attached exhibit A was a thirty-one page computer printout of the police offense report
containing, among other things, narratives of statements given to the police by various witnesses.

Appellant relies on the opinion of the Court of Criminal Appeals in Buchanan v.
State, 911 S.W.2d 11 (Tex. Crim. App. 1995). One question in that case was whether the policy
of giving defense counsel full access to the prosecutor's file before trial was sufficient notice of
the State's intent to introduce evidence of extraneous acts or offenses described in the file in its
case in chief. The court held that it was not. 


The plain language of Rule 404(b) requires upon such request that the State give
notice "of intent to introduce in [its] case in chief such evidence . . . ." We cannot
conclude that the mere opening of its file containing an offense report detailing
extraneous evidence satisfies the requirement of giving notice "of intent to
introduce" such evidence. The mere presence of an offense report indicating the
State's awareness of the existence of such evidence does not indicate an "intent to
introduce" such evidence in its case in chief.



Id. at 15. Although the Buchanan opinion interpreted rule 404(b), its holding is also applicable
to the article 37.07, section 3(g) notice requirement. Dodgen v. State, 924 S.W.2d 216, 219 (Tex.
App.--Eastland 1996, pet. ref'd).

There is a subtle but important distinction between Buchanan and Dodgen and the
cause now before us. In those cases, the question was whether the defendant had been given any
notice of the State's intention to introduce extraneous misconduct evidence. In this cause, the
issue is the adequacy of the State's notice. Buchanan holds that defense access to offense reports
and other information contained in the State's file does not, in itself, constitute notice of the State's
intent to introduce evidence of any particular fact contained in the file. In the present cause, the
State did more than merely open its file and provide a copy of the offense report to defense
counsel. The State also expressly notified the defense of its intent to introduce evidence of five
specified categories of extraneous misconduct described in the offense report. Thus, the defense
was not left to infer the State's intent and the Buchanan holding is not directly on point. Instead,
we must determine whether the written notice quoted above, together with the police offense
report attached to and incorporated by reference in the State's notice, gave appellant reasonable
notice of the punishment evidence of which he now complains.

The evidence in question was introduced through the punishment stage testimony
of Cody [S.], a student in appellant's class and a friend of the complainant. In his first point of
error, appellant contends Cody should not have been allowed to describe various incidents
involving Cody and appellant. Specifically, appellant urges that he was not given reasonable
notice of the following testimony:



 Cody went with appellant and others to the Rockne Bazaar, a civic event in
the town of Rockne. On the trip home, Cody found himself in the back seat
of a car with appellant. Appellant reached over and touched Cody's
genitals. Cody pushed appellant's hand away.

 On three occasions, Cody went to a nude swimming area on Lake Travis
with appellant and a person named Ray Viesca. On the third trip, Cody
removed his clothes and swam naked. Later, he went to appellant's home,
where appellant gave him an alcoholic drink. Cody spilled the drink on
himself. Cody removed his clothes to permit appellant to wash them, then
took a shower. After the shower, Viesca took pictures of Cody wearing
only a towel.

 Cody and his friends sometimes stayed in appellant's classroom after school
to use the computers. On these occasions, appellant took them home in his
car, stopping to buy them beer. Appellant allowed Cody, who is visually
impaired, to drive appellant's car without his corrective lenses.




The State's notice to appellant informed him of its intent to introduce evidence of
"[a]ll acts of sexual activity and/or sexual misconduct, as well as other miscellaneous conduct
between Charles Roman and Cody [S.], as set forth in" the attached offense report. Appellant
argues that this "general, global notice" did not give him reasonable notice of the specific
incidents described above. Moreover, appellant complains that the State's notice did not include
the date of these incidents or county in which they occurred.

Cody [S.] gave a statement to police officer Michael Shane on December 27, 1996. 
This statement was transcribed and appears as pages four through eight of the offense report
attached to and incorporated by reference in the State's section 3(g) notice. Cody's punishment
stage testimony tracked the substance of this statement. In the statement, Cody described the
Rockne Bazaar incident, saying that it happened in the fall of 1996. Cody's statement also
described the trips to Lake Travis, the visit to appellant's house, the spilled drink, and the
photographs. According to the statement, this happened in July 1996. Finally, Cody told the
officer about appellant buying him and his friends beer, and allowing Cody to drive his car. This
happened, according to the statement, in the spring of 1996.

The purpose of article 37.07, section 3(g) is to avoid unfair surprise. Nance v.
State, 946 S.W.2d 490, 493 (Tex. App.--Fort Worth 1997, pet. ref'd). In Nance, the court held
that section 3(g) was satisfied by a notice that told the defendant that the State intended to offer
evidence that he robbed a named store clerk at "1555 Carrier Parkway, Grand Prairie, Texas" on
a specified date, even though the notice did not identify the county in which the robbery took
place. Id. at 491-93. The court observed that it would exalt form over substance to hold that the
defendant had not been given reasonable notice of the location of the extraneous offense.

Splawn v. State, 949 S.W.2d 867 (Tex. App.--Dallas 1997, no pet.), was a
prosecution for indecency with four children. The State notified the defense before trial that it
intended to introduce evidence of acts committed by the defendant against the four complainants
on dates other than those alleged in the indictments. According to the notice, these acts occurred
"[f]rom April 1994 -- August 1994," "from May 1994 through July 10, 1994," "on a weekly
basis, during an 18 month period prior to August, 1994," and "on June 17, 1990." The court held
that the notice gave the defendant reasonable notice of the dates of the extraneous offenses. Id.
at 871.

Nance and Splawn were cited with approval in Hohn v. State, 951 S.W.2d 535
(Tex. App.--Beaumont 1997, no pet.). Hohn was a prosecution for the aggravated sexual assault
of a child. The State gave notice of its intent to introduce evidence of extraneous acts of sexual
misconduct by the defendant against the complainant that took place between September 1, 1995,
and December 16, 1995. Noting that it is sometimes difficult for a child to identify the precise
date on which a sexual offense took place, the court held that the defendant had been given notice
adequate to avoid unfair surprise. Id. at 537.

We believe that the State's notice of its intent to introduce evidence of "[a]ll acts
of sexual activity and/or sexual misconduct, as well as other miscellaneous conduct between
Charles Roman and Cody [S.], as set forth in" the offense report was reasonably calculated to
draw defense counsel's attention to Cody's statement found in the report. In the statement, Cody
described encounters with appellant in terms substantially identical to his trial testimony. (1) 
Although Cody's statement to the police did not name the counties in which the events described
took place, the locations of Lake Travis and Rockne, Texas, are well known, and appellant could
reasonably be expected to know the county in which his own home was located. And given the
nature of the incidents, we believe that the dates on which they occurred were adequately
specified. We hold that appellant was given reasonable notice under article 37.07, section 3(g)
of the extraneous misconduct evidence involving himself and Cody. Point of error one is
overruled. 

In his second point of error, appellant contends he was not given reasonable notice
of the State's intention to introduce a remark he made about Nate [H.], another student. Cody [S.]
testified at the punishment stage that appellant once told him "how tight Nate's ass was."

The State notified appellant that it intended to introduce evidence of "[a]ll acts of
sexual activity and/or sexual misconduct between Charles Roman and Nat [sic] [H.]" described
in the offense report and of "[o]ral admissions by Charles Roman involving acts of sexual activity
and/or sexual misconduct involving Charles Roman and various young boys, as reported to
investigating officers by Cody [S.]" and set forth in the offense report. Cody's statement to the
police included appellant's comment to him regarding Nate [H.], but it did not say where or when
the remark was made.

Although the remark had a sexual connotation, it did not constitute or describe
sexual activity or misconduct, and it arguably fell outside the scope of the State's section 3(g)
notice. Assuming that appellant was not given reasonable notice of the State's intent to introduce
the remark, its admission did not affect appellant's substantial rights. See Tex. R. App. P.
44.2(b). Nate testified at the punishment stage that appellant took him to his residence one night
when Nate was sixteen years old. There, appellant gave Nate alcohol, undressed him, and
performed oral sex. Given this testimony, of which appellant does not complain on appeal, the
admission of appellant's remark to Cody was harmless error at most. Point of error two is
overruled.

Finally, appellant contends the district court erred by permitting Cody [S.] to testify
that appellant "told me about having oral and anal intercourse with Johny, and he had threatened
me on the phone. He said if I didn't have a sexual relationship with him, he would do something
to my friend, Caleb." Once again, appellant urges that the State did not give him notice of its
intent to introduce this testimony.

Taking first the reference to oral and anal intercourse with Johny, it is not clear
from appellant's brief whether it is the acts themselves, or his statement to Cody admitting the
acts, that appellant contends should not have been allowed in evidence. The State's section 3(g)
notice told appellant it intended to introduce evidence of "[a]ll acts of sexual activity and/or sexual
misconduct between Charles Roman and Johny [H.], as set forth in" the offense report. The
report contained Johny's statement to the police describing the acts for which appellant was
prosecuted in terms substantially identical to his trial testimony. (2) If the point of error is addressed
to Cody's testimony describing his conversation with appellant, the State's section 3(g) notice also
included "[o]ral admissions by Charles Roman involving acts of sexual activity and/or sexual
misconduct involving Charles Roman and various young boys, as reported to investigating officers
by Cody [S.] . . . ." Cody's statement to the police included the challenged admission. In either
event, adequate notice was given.

The State concedes that appellant was not given advance notice of Cody's testimony
that appellant threatened "to do something" to Caleb if Cody did not have a sexual relationship
with him. But the State urges, and we agree, that the admission of this testimony was harmless
error. Immediately after describing this conversation, Cody testified that he refused to have a
relationship with appellant and that, so far as he knew, appellant never molested Caleb. Given
the other punishment testimony, we are satisfied beyond a reasonable doubt that Cody's testimony
regarding appellant's threat did not contribute to the punishment assessed, or otherwise affect
appellant's substantial rights. Point of error three is overruled.

The judgment of conviction is affirmed.



 

 Mack Kidd, Justice

Before Justices Kidd, B. A. Smith and Powers*

Affirmed

Filed: January 28, 1999

Publish

















* Before John E. Powers, Senior Justice, (retired), Third Court of Appeals, sitting by
assignment. See Tex. Gov't Code Ann. § 74.003(b) (West 1998).
1. By giving notice as it did, the State gave the defense the opportunity to examine Cody [S.]'s
statement in advance of trial. As a general rule, the defense would not have been entitled to see
the statement until after the witness testified. See Tex. R. Evid. 615(a).
2. Johny [H.] was the complaining witness. He testified at the guilt phase of trial, but not at
the punishment phase.



n and various young boys, as reported to
investigating officers by Cody [S.]" and set forth in the offense report. Cody's statement to the
police included appellant's comment to him regarding Nate [H.], but it did not say where or when