In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-09-00051-CV


______________________________




IN THE MATTER OF THE MARRIAGE OF 


JAMES CHRISTOPHER ALLEN AND KRISTEEN ADAMS ALLEN


AND IN THE INTEREST OF M.S.A., A CHILD





 


On Appeal from the 62nd Judicial District Court


 Franklin County, Texas


Trial Court No. 10,489




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Chief Justice Morriss



MEMORANDUM OPINION


 James Christopher Allen filed his notice of appeal May 13, 2009. The clerk's and reporter's
records were due to be filed on or before June 19, 2009. Appellant is not indigent, and is thus
responsible for paying or making adequate arrangements to pay the clerk's and reporter's fees for
preparing the records. See Tex. R. App. P. 37.3. 

 On July 20, 2009, we contacted Allen's counsel by letter, reminding him that the record was
thirty days past due, and warning that, if we did not receive an adequate response within ten days,
we would dismiss the appeal for want of prosecution pursuant to Rule 42.3(b) and (c) of the Texas
Rules of Appellate Procedure. See Tex. R. App. P. 42.3(b), (c).

 As of the date of this opinion, we have received no response. The record is now over eighty
days past due. 

 We dismiss the appeal for want of prosecution.


 Josh R. Morriss, III

 Chief Justice


Date Submitted: September 8, 2009

Date Decided: September 9, 2009





 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 












 
 
 
 
 
 
 




 

 

 

 

 

 

 

 

 

                                                         In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-10-00166-CR

                                                ______________________________

 

 

                              WILLIAM ALBERT SCHATTE,
Appellant

 

                                                                V.

 

                                     THE STATE OF TEXAS, Appellee

 

 

                                                                                                  


 

 

                                       On Appeal from the 336th
Judicial District Court

                                                             Fannin County, Texas

                                                            Trial
Court No. 23006

 

                                                         
                                         

 

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                        Memorandum Opinion by Chief Justice Morriss








                                                      MEMORANDUM OPINION

 

            William Albert
Schatte had pled guilty to four counts of aggravated sexual assault of a child,
all first degree felonies, and one count of indecency with a child, a second
degree felony.[1]  During the punishment phase of Schattes
trial, the State successfully sought the admission into evidence, over
Schattes objection, of a prior bad act, that is, additional sexual contact by
Schatte with the child victim.  Appealing
his sentences in the five cases by means of a single brief, he complains of the
admission of that evidence and seeks a new hearing on punishment in each
case.  Finding harmless error, we affirm
the trial courts judgment.

            We review
the admission of evidence of extraneous offenses for an abuse of
discretion.  Thus, we will affirm the
trial courts decision if it is within the zone of reasonable
disagreement.  Salazar v. State, 38 S.W.3d 141, 15354 (Tex. Crim. App. 2001).

            The question
before us revolves around whether the State gave reasonable notice to Schatte
of its intent to introduce the evidence in question, Schattes contact with the
victims anus.  Schatte claims the State
had not given him notice of its intent to use the evidence, notwithstanding his
request for such notice.  The State poses
three alternative arguments:  first, that
counsel did not object adequately to inform the court of the problem; second,
that, even if error was preserved, counsel had actual notice of the intent to
offer the evidence; and, third, that there was no harm to any error because the
evidence was relatively minor and because Schatte was not surprised or unable
to prepare a defense to the evidence.

            The State
first argues that the issue is waived because the objection did not adequately
notify the trial court of the harm that would result from its admission.  We disagree.

            The alleged
error is the admission of evidence of an uncharged offense without providing
the notice required by statute.  See McDonald v. State, 179 S.W.3d 571,
57677 (Tex. Crim. App. 2005); Roethel v.
State, 80 S.W.3d 276, 280 (Tex. App.Austin 2002, no pet.).  Harm analysis is to be done by this Court
when we review an error in the admission of evidence, not by the trial court
when deciding whether to admit evidence. 
See Casey v. State, 215 S.W.3d
870, 885 (Tex. Crim. App. 2007).

            In this
case, there was an objection to the admission of the evidence based on the
failure to provide statutorily required notice. 
The issue was preserved for appellate review.

            The
first question in sorting through this issue, then, is whether the State gave
reasonable notice of its intent to use the evidence.  Evidence of crimes, wrongs, or acts arising
from an incident other than the one at issue is admissible for limited purposes
only if, upon timely request by the defendant, the State gives reasonable
notice of its intent to introduce that evidence in its case-in-chief.  Tex. R.
Evid. 404(b).  Rule 404(b) does
not define the term reasonable.  The
notice requirement specific to the punishment phase states:

On timely request of the defendant, notice of
intent to introduce evidence under this article shall be given in the same
manner required by Rule 404(b), Texas Rules of Evidence.  If the attorney representing the state
intends to introduce an extraneous crime or bad act that has not resulted in a
final conviction in a court of record or a probated or suspended sentence, notice of that intent is reasonable only if
the notice includes the date on which and the county in which the alleged crime
or bad act occurred and the name of the alleged victim of the crime or bad act.

 

Tex. Code Crim. Proc.
Ann. art. 37.07, § 3(g) (Vernon Supp. 2010) (emphasis added).  Courts, including this one, have determined
that the notification can have some flexibility in its description or reference
to the location of the extraneous offense. 
See Roman v. State, 986 S.W.2d
64, 65 (Tex. App.Austin 1999, pet. refd); see
also James v. State, 47 S.W.3d 710, 714 (Tex. App.Texarkana 2001, no
pet.).  Courts also have given the State
leeway in how specifically dates must be specified.  See Roethel,
80 S.W.3d at 280; Hohn v. State, 951
S.W.2d 535, 537 (Tex. App.Beaumont 1997, pet. refd); Splawn v. State, 949 S.W.2d 867, 87071 (Tex. App.Dallas 1997, no
pet.).  This Court, however, in observing
the lack of even an approximate date for an act, has previously held that a
total failure to give a date of offense makes the notice inadequate to give the
defendant the full notice required by the statute.  James, 47 S.W.3d at 714.

            In this
case, the State filed a notice of intent to offer statements of an outcry witness
which stated that the victim in this case had told the outcry witness that
Schatte had hurt her when he put his penis in my butt.  The notice specifies the name of the outcry
witness and the date on which the victim made the outcry, but does not contain
the name of the county in which the acts allegedly occurred or of even an
approximate date that the anal contact allegedly occurred.  Although it does not state in its caption
that it involved extraneous offenses, the body of the document clearly indicates
the nature of the statements to be offered.

            Schatte
argues that this is no more than a notification that the State had such
information[2] and that it
does not show an intention to use it.  We
disagree.  The document is a notice of
intent to offer statements, and this was one of the statements.  Thusalthough the notice was unreasonable for
lack of any reference to the county in which the act allegedly occurred or its
datenotice was given.  Because it was
unreasonable notice, admitting it was error.

            Accordingly,
as in James, we now determine if the
error is harmful.  Any . . . error,
defect, irregularity, or variance that does not affect substantial rights must
be disregarded.  Tex. R. App. P. 44.2(b). 
A substantial right is affected when the error had a substantial and
injurious effect or influence in determining the jurys verdict.  King v.
State, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997) (citing Kotteakos v. United States, 328 U.S.
750, 776 (1946)); Patton v. State, 25
S.W.3d 387, 394 (Tex. App.Austin 2000, pet. refd) (applying this standard in
context of inadequate notice of intent to use extraneous offenses at
punishment).

            In
this case, the same victim was involved in the extraneous offense.  The allegations made by the State and the evidence
presented suggest that all of these activities took place during the same time
period and in the same location.  Thus,
these alleged incidents occurred at a time and place that was clearly a part of
the series of events for which Schatte was being prosecuted.  Further, there is no indication that Schatte
was surprised by the allegations or statements.

            In this
case, as in James, notice was
unreasonable because some required data was missing from it.  Had there been no communication at all, that
total lack may very well have been harmful. 
Under these facts, howeverdefective notice, the context of which was
known to the defensewe find this error to be harmless.  See
Tex. R. App. P. 44.2(b).

            We
affirm the trial courts judgment.

 

 

                                                                                    Josh
R. Morriss, III

                                                                                    Chief
Justice

 

Date Submitted:          May
25, 2011  

Date Decided:             May
26, 2011

 

Do Not Publish

 

 

 











[1]For
clarification, these five cases are described below and are all affirmed this
date, for the reasons set forth in this opinion.  The four cases other than this one are
disposed of with separate opinions dated today.

 


 
 
 Our Number
 
 
 Trial Court Number
 
 
 Charge
 
 
 Felony Degree
 
 
 Sentence
 
 
 
 
 06-10-00166-CR
 
 
 23006
 
 
 Aggravated sexual assault
 
 
 First
 
 
 99 years and $10,000.00 fine
 
 
 
 
 06-10-00167-CR
 
 
 23007
 
 
 Aggravated sexual assault
 
 
 First
 
 
 99 years and $10,000.00 fine
 
 
 
 
 06-10-00168-CR
 
 
 23008
 
 
 Aggravated sexual assault
 
 
 First
 
 
 99 years and $10,000.00 fine
 
 
 
 
 06-10-00169-CR
 
 
 23009
 
 
 Aggravated sexual assault
 
 
 First
 
 
 99 years and $10,000.00 fine
 
 
 
 
 06-10-00170-CR
 
 
 23010
 
 
 Indecency with a child
 
 
 Second
 
 
 20 years and $10,000.00 fine
 
 


 





[2]The
mere presence of an offense report indicating the States awareness of the
existence of such evidence does not indicate an intent to introduce such
evidence.  McDonald, 179 S.W.3d 571; see
Buchanan v. State, 911 S.W.2d 11, 15
(Tex. Crim. App. 1995).  But, under some
circumstances, when delivered shortly after a defendants request, witness
statements that describe uncharged misconduct can constitute reasonable notice.  McDonald,
179 S.W.3d at 576; see Hayden v. State, 66 S.W.3d 269, 272
(Tex. Crim. App. 2001).