

**In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana**

_____

No. 06-10-00166-CR

_____

WILLIAM ALBERT SCHATTE, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 336th Judicial District Court
Fannin County, Texas
Trial Court No. 23006

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

William Albert Schatte had pled guilty to four counts of aggravated sexual assault of a child, all first degree felonies, and one count of indecency with a child, a second degree felony.[1] During the punishment phase of Schatte's trial, the State successfully sought the admission into evidence, over Schatte's objection, of a prior bad act, that is, additional sexual contact by Schatte with the child victim. Appealing his sentences in the five cases by means of a single brief, he complains of the admission of that evidence and seeks a new hearing on punishment in each case. Finding harmless error, we affirm the trial court's judgment.

We review the admission of evidence of extraneous offenses for an abuse of discretion. Thus, we will affirm the trial court's decision if it is within the zone of reasonable disagreement. *Salazar v. State*, 38 S.W.3d 141, 153–54 (Tex. Crim. App. 2001).

The question before us revolves around whether the State gave reasonable notice to Schatte of its intent to introduce the evidence in question, Schatte's contact with the victim's anus. Schatte claims the State had not given him notice of its intent to use the evidence, notwithstanding

---

[1]For clarification, these five cases are described below and are all affirmed this date, for the reasons set forth in this opinion. The four cases other than this one are disposed of with separate opinions dated today.

| Our Number | Trial Court Number | Charge | Felony Degree | Sentence |
|---|---|---|---|---|
| 06-10-00166-CR | 23006 | Aggravated sexual assault | First | 99 years and $10,000.00 fine |
| 06-10-00167-CR | 23007 | Aggravated sexual assault | First | 99 years and $10,000.00 fine |
| 06-10-00168-CR | 23008 | Aggravated sexual assault | First | 99 years and $10,000.00 fine |
| 06-10-00169-CR | 23009 | Aggravated sexual assault | First | 99 years and $10,000.00 fine |
| 06-10-00170-CR | 23010 | Indecency with a child | Second | 20 years and $10,000.00 fine |

his request for such notice.   The State poses three alternative arguments:   first, that counsel did not object adequately to inform the court of the problem; second, that, even if error was preserved, counsel had actual notice of the intent to offer the evidence; and, third, that there was no harm to any error because the evidence was relatively minor and because Schatte was not surprised or unable to prepare a defense to the evidence.

The State first argues that the issue is waived because the objection did not adequately notify the trial court of the harm that would result from its admission.   We disagree.

The alleged error is the admission of evidence of an uncharged offense without providing the notice required by statute.   *See McDonald v. State*, 179 S.W.3d 571, 576–77 (Tex. Crim. App. 2005); *Roethel v. State*, 80 S.W.3d 276, 280 (Tex. App.—Austin 2002, no pet.).   Harm analysis is to be done by this Court when we review an error in the admission of evidence, not by the trial court when deciding whether to admit evidence.   *See Casey v. State*, 215 S.W.3d 870, 885 (Tex. Crim. App. 2007).

In this case, there was an objection to the admission of the evidence based on the failure to provide statutorily required notice.   The issue was preserved for appellate review.

The first question in sorting through this issue, then, is whether the State gave reasonable notice of its intent to use the evidence.   Evidence of crimes, wrongs, or acts arising from an incident other than the one at issue is admissible for limited purposes only if, upon timely request by the defendant, the State gives reasonable notice of its intent to introduce that evidence in its

3

case-in-chief. TEX. R. EVID. 404(b). Rule 404(b) does not define the term "reasonable." The notice requirement specific to the punishment phase states:

> On timely request of the defendant, notice of intent to introduce evidence under this article shall be given in the same manner required by Rule 404(b), Texas Rules of Evidence. If the attorney representing the state intends to introduce an extraneous crime or bad act that has not resulted in a final conviction in a court of record or a probated or suspended sentence, *notice of that intent is reasonable only if the notice includes the date on which and the county in which the alleged crime or bad act occurred and the name of the alleged victim of the crime or bad act.*

TEX. CODE CRIM. PROC. ANN. art. 37.07, § 3(g) (Vernon Supp. 2010) (emphasis added). Courts, including this one, have determined that the notification can have some flexibility in its description or reference to the location of the extraneous offense. *See Roman v. State*, 986 S.W.2d 64, 65 (Tex. App.—Austin 1999, pet. ref'd); *see also James v. State*, 47 S.W.3d 710, 714 (Tex. App.—Texarkana 2001, no pet.). Courts also have given the State leeway in how specifically dates must be specified. *See Roethel*, 80 S.W.3d at 280; *Hohn v. State*, 951 S.W.2d 535, 537 (Tex. App.—Beaumont 1997, pet. ref'd); *Splawn v. State*, 949 S.W.2d 867, 870–71 (Tex. App.—Dallas 1997, no pet.). This Court, however, in observing the lack of even an approximate date for an act, has previously held that a total failure to give a date of offense makes the notice inadequate to give the defendant the full notice required by the statute. *James*, 47 S.W.3d at 714.

In this case, the State filed a notice of intent to offer statements of an outcry witness which stated that the victim in this case had told the outcry witness that Schatte had hurt her when he "put his penis in my butt." The notice specifies the name of the outcry witness and the date on which

4

the victim made the outcry, but does not contain the name of the county in which the acts allegedly occurred or of even an approximate date that the anal contact allegedly occurred. Although it does not state in its caption that it involved extraneous offenses, the body of the document clearly indicates the nature of the statements to be offered.

Schatte argues that this is no more than a notification that the State had such information[2] and that it does not show an intention to use it. We disagree. The document is a notice of intent to offer statements, and this was one of the statements. Thus—although the notice was unreasonable for lack of any reference to the county in which the act allegedly occurred or its date—notice was given. Because it was unreasonable notice, admitting it was error.

Accordingly, as in *James*, we now determine if the error is harmful. "Any . . . error, defect, irregularity, or variance that does not affect substantial rights must be disregarded." TEX. R. APP. P. 44.2(b). A substantial right is affected when the error had a substantial and injurious effect or influence in determining the jury's verdict. *King v. State*, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997) (citing *Kotteakos v. United States*, 328 U.S. 750, 776 (1946)); *Patton v. State*, 25 S.W.3d 387, 394 (Tex. App.—Austin 2000, pet. ref'd) (applying this standard in context of inadequate notice of intent to use extraneous offenses at punishment).

---

[2]The mere presence of an offense report indicating the State's awareness of the existence of such evidence does not indicate an "intent to introduce" such evidence. *McDonald*, 179 S.W.3d 571; *see Buchanan v. State*, 911 S.W.2d 11, 15 (Tex. Crim. App. 1995). But, "under some circumstances, when delivered shortly after a defendant's request, witness statements that describe uncharged misconduct can constitute reasonable notice." *McDonald*, 179 S.W.3d at 576; *see Hayden v. State*, 66 S.W.3d 269, 272 (Tex. Crim. App. 2001).

In this case, the same victim was involved in the extraneous offense. The allegations made by the State and the evidence presented suggest that all of these activities took place during the same time period and in the same location. Thus, these alleged incidents occurred at a time and place that was clearly a part of the series of events for which Schatte was being prosecuted. Further, there is no indication that Schatte was surprised by the allegations or statements.

In this case, as in *James*, notice was unreasonable because some required data was missing from it. Had there been no communication at all, that total lack may very well have been harmful. Under these facts, however—defective notice, the context of which was known to the defense—we find this error to be harmless. *See* TEX. R. APP. P. 44.2(b).

We affirm the trial court's judgment.

Josh R. Morriss, III
Chief Justice

Date Submitted:     May 25, 2011
Date Decided:       May 26, 2011

Do Not Publish

6