Opinion issued April 5, 2012



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-11-00348-CR

———————————

rydell j. arnolie, Appellant

V.

The State of
Texas, Appellee



 



 

On Appeal from the 182nd Judicial District Court 

Harris County, Texas



Trial Court Case No. 1187494

 



 

MEMORANDUM OPINION

          A
jury found appellant, Rydell J. Arnolie,
guilty of the offense of murder[1] and assessed his punishment
at confinement for life.  In seven issues,
appellant contends that his trial counsel provided ineffective assistance at
the punishment phase of trial and the trial court erred in not submitting a
jury instruction that required corroboration of a “jail house informant’s”
testimony.  

          We
affirm.

Background

          Roger
Morris testified that on September 8, 2011, he and his brother, Kirtrell Morris, the complainant, drove to an apartment
complex so that he could purchase marijuana and the complainant could talk to a
“girl.”  Roger stated that he had stopped
at this complex on many prior occasions to buy narcotics from appellant and
another man.  Roger saw appellant walk to
his car, and appellant asked Roger for a ride. 
Roger agreed, and appellant told Roger to wait in the car while he went
to get “some things.”   Two minutes
later, Roger, who was still sitting in the car, heard the sound of gunshots coming
from the back window, and he then saw appellant standing over him and shooting
him.  Roger stated that appellant shot him
three times and ran away.  Roger was in
shock, and then he realized the complainant was not responsive.  After calling his mother and aunt, Roger
called for emergency assistance, but he then drove his car to a hospital and
summoned an ambulance for help.  Roger
received medical treatment for his injuries, and he later learned that the
complainant had died from gunshot wounds sustained in the shooting.  

Roger explained that he had known
appellant for three months prior to the shooting and had seen appellant “almost”
every day for the purpose of buying heroin from him.  Roger also noted that he would sometimes
“trade favors” with appellant, so that he would receive narcotics in exchange
for giving appellant or appellant’s girlfriend a ride in a car.   On cross-examination,
Roger conceded that he had been using heroin and marijuana on the day of the
shooting, but he denied that the narcotics had affected his perception of the
events.       

          Houston
Police Officer B. Nabors testified that several days after the shooting, he
obtained an audio-taped statement from Roger. 
Roger stated that he knew the identity of the assailant and admitted to having
had purchased narcotics from the assailant. 
Nabors considered a suspect in the shooting, placed a photograph of the
suspect in a photographic array, and showed it to Roger.  A photograph of appellant was not included in
the array, and Roger told Nabors that the assailant was not among the individuals
pictured in the array.   After further
investigation, appellant showed Nabors where he believed appellant’s brother
lived.   Nabors then considered appellant
as a suspect, placed a photograph of appellant in a photographic array, and
showed it to Roger.  After viewing the
array, Roger identified appellant as the assailant.   Nabors explained that Roger was “fairly
sure” that appellant was the assailant and Roger’s identification was “positive.”

Ineffective Assistance

          In
his first through sixth issues, appellant argues that his trial counsel
provided ineffective assistance at the punishment phase of trial because he “failed
to request disclosure by the State of the other bad acts it intended to
introduce,” “failed to object to the testimony of the other bad acts,” and
“failed to request a charge requiring corroboration of the jail house
informant’s testimony.”[2]

In order to prove an ineffective
assistance of counsel claim, appellant must show that his trial counsel’s
performance fell below an objective standard of reasonableness and, but for
counsel’s unprofessional error, there is a reasonable probability that the
result of the proceeding would have been different.  Strickland v. Washington, 466 U.S. 668, 687–88, 694, 104 S. Ct.
2052, 2064, 2068 (1984); Andrews v. State,
159 S.W.3d 98, 102 (Tex. Crim. App. 2005).  A reasonable probability is a “probability
sufficient to undermine confidence in the outcome.” Strickland, 466 U.S. at 694, 104 S. Ct.
at 2068.  In reviewing counsel’s
performance, we look to the totality of the representation to determine the
effectiveness of counsel, indulging a strong presumption that his performance
falls within the wide range of reasonable professional assistance or trial
strategy. Robertson v.
State, 187 S.W.3d 475, 482–83 (Tex. Crim. App. 2006); Thompson v. State, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999).
 A failure to make a showing under either
prong defeats a claim of ineffective assistance.  Rylander v. State, 101 S.W.3d 107, 110 (Tex. Crim.
App. 2003).

Allegations of ineffectiveness must
be firmly founded in the record. See Bone v. State, 77
S.W.3d 828, 833 & n. 13 (Tex. Crim. App. 2002).  When the record is silent, we may not
speculate to find trial counsel ineffective.  Gamble v. State, 916 S.W.2d 92, 93 (Tex. App.—Houston [1st Dist.]
1996, no pet.).  In the absence of
evidence of counsel’s reasons for the challenged conduct, an appellate court
commonly will assume a strategic motivation, if any can possibly be imagined,
and will not conclude the challenged conduct constituted deficient performance
unless the conduct was so outrageous that no competent attorney would have
engaged in it.  Garcia v. State, 57 S.W.3d 436, 440
(Tex. Crim. App. 2001).

Appellant first asserts that his
trial counsel was ineffective during the punishment phase of trial by not
timely requesting disclosure of “other bad acts” that the State intended to use
against him.  See Tex. Code
Crim. Proc. Ann. art. 37.07 (Vernon Supp. 2011). 
Appellant asserts that his counsel was “caught totally unaware of
prejudicial damning” testimony provided by his former girlfriend during the
punishment phase of trial concerning two prior incidents in which appellant had
allegedly assaulted her.  Specifically,
appellant asserts that his counsel was surprised by evidence that during these
two prior alleged assaults appellant had “slammed” his girlfriend against a
wall, choked and punched her, told her he was going to hurt her, paced around
with a gun, put a gun to her head, wrapped up towels to tuck under the door
while threatening to kill her in front of their children, and kicked her in the
stomach while she was pregnant and while telling her to “get rid” of the
baby.  

After a finding of guilt, “evidence
may be offered by the state and the defendant as to any matter the court deems
relevant to sentencing,” including “the prior criminal record of the defendant,
his general reputation, his character, an opinion regarding his character, the
circumstances of the offense for which he is being tried,” and, “notwithstanding”
Texas Rules of Evidence 404 and 405, “evidence of an extraneous crime or bad
act that is shown beyond a reasonable doubt by evidence to have been committed
by the defendant or for which he could be held criminally responsible,
regardless of whether he has previously been charged with or finally convicted
of the crime or act.”  Tex. Code Crim. Proc. Ann. art. 37.07, § 3(a)(1) (Vernon Supp. 2011). 
On timely request of a defendant, the State shall provide “notice of
intent to introduce evidence under this article.”   Id. art. 37.07, § 3(g).  The
purpose of article 37.07, section 3(g) is to avoid unfair surprise and “trial
by ambush.”  Roman v. State, 986 S.W.2d 64, 67 (Tex.
App.—Austin 1999, pet. ref’d); Nance v. State, 946 S.W.2d 490, 493 (Tex. App.—Fort Worth 1997,
pet. ref’d).

The clerk’s record includes a copy
of the State’s Amended Notice of Intention to Use Extraneous Offenses and Prior
Convictions, which the State provided to appellant’s trial counsel.  See Tex. R. Evid.
404, 609; Tex. Code Crim. Proc. Ann. arts. 37.07,
37.08 (Vernon 2006).  Within its
notice, the State disclosed two alleged assaults committed by appellant against
his girlfriend.  First, the State
disclosed an incident in May 2009 in which appellant allegedly threatened to
kill his girlfriend and committed assault against her “by placing his hand on
[her] throat and by choking [her] throat.” 
Second, the State disclosed an April 2009 incident in which appellant
allegedly “committed aggravated assault by placing a firearm” to his
girlfriend’s head.  Additionally, in its Brady[3] notice, the State disclosed
that it had subpoenaed appellant’s girlfriend as a witness for the State.  Because the record indicates that appellant’s
counsel received notice that the State, pursuant to article 37.07, intended to
refer to the two alleged prior assault incidents against appellant’s
girlfriend, the purpose of this statutory provision was fulfilled, and we
reject appellant’s ineffective assistance complaint made on this ground.[4]  See
Autry v. State, 27 S.W.3d 177, 182 (Tex. App.—San Antonio 2000, pet. ref’d) (stating that counsel’s “failure to file pre-trial
motions generally does not result in ineffective assistance of counsel” and
explaining that counsel was not ineffective for allegedly failing to request
notice of State’s intent to introduce evidence of extraneous offenses because
counsel “may have received oral notice of the State’s intent to introduce the
evidence at punishment phase”).

Appellant next asserts that his
counsel was ineffective during the punishment phase of trial for not objecting
to evidence whose relevance was substantially outweighed by the danger of
unfair prejudice.  See Tex. R. Evid. 403.  Appellant
asserts that there was no probative value of the evidence concerning his
alleged abuse of his former girlfriend and that such evidence had nothing to do
with whether he committed the offense of murder.  

A trial court has broad discretion
in determining the admissibility of evidence presented at the punishment phase
of trial.  Flores v. State, 125 S.W.3d 744, 746
(Tex. App.—Houston [1st Dist.] 2003, no pet.).  As noted above, the State may offer evidence as
to any matter the court deems relevant to sentencing, including the defendant’s
character and evidence of other extraneous crimes or bad acts.  See Tex. Code  Crim.  Proc.  Ann. art. 37.07, § 3(a)(1).  At the punishment phase of trial, relevant
evidence is that which “assists the fact finder in determining the appropriate
sentence given the particular defendant in the circumstances presented.”  Flores,
125 S.W.3d at 746.  However, a trial court may exclude relevant
evidence if its probative value is substantially outweighed by the danger of
unfair prejudice.  See Tex. R. Evid. 403.  We
review a trial court’s decision regarding the admissibility of relevant
evidence for an abuse of discretion.  Flores, 125 S.W.3d at
746. 

By definition, evidence admitted
under article 37.07, section 3 need not be relevant to appellant’s guilt for the offense for which he has
already been convicted.  Tex. Code Crim. Proc. Ann. art. 37.07, § 3(a)(1).  Although the
State likely presented this evidence in support of its request to the jury for
the imposition of a substantial sentence of confinement, the record is silent
as to why counsel elected not to object to the admission of the evidence
concerning appellant’s assaults of his girlfriend.  Based upon our review of the record, we
cannot say that counsel was ineffective for failing to object to the evidence on
the ground that its relevance was substantially outweighed by the danger of
unfair prejudice.  See Young v. State, 283 S.W.3d 854, 877 (Tex. Crim. App. 2009)
(noting that “all evidence connecting a defendant with a particular crime is
highly prejudicial,” and holding that because “evidence of the extraneous
shooting was clearly probative of whether the appellant would be a future
danger,” it could not conclude that “probative value of the extraneous shooting
was substantially outweighed by the danger of unfair prejudice”); Watkins v. State, No. 10-02-042-CR, 2003
WL 21357267, at *4 (Tex. App.—Waco June 11, 2003, pet. ref’d)
(mem. op.) (noting that record was silent as to why
counsel failed to object evidence of other bad acts, and presuming counsel’s conduct
was reasonable); White v. State, No.
05-99-01320-CR, 2001 WL 541088, at * (Tex. App.—Dallas May 23, 2001, pet. ref’d) (not designated for publication) (holding that “evidence
of an unadjudicated domestic assault was relevant
because it provided useful information for the jury to use in determining
appellant’s sentence”). 

Finally, appellant asserts that his
counsel was ineffective during the punishment phase of trial in not requesting
a jury instruction that requires corroboration of testimony provided by a “jail
house informant.”  The record reflects
that Roger, at the time of the underlying trial, had been incarcerated in
Louisiana on unrelated charges and had been transferred to Harris County so
that he could testify.  While awaiting
trial, Roger was placed in the same holding cell in which appellant was located.  Roger stated that being placed in the same
cell as appellant was “pretty scary.” 
Although he agreed that appellant had not threatened him while they were
incarcerated in the same cell, Roger stated that appellant had told him that he
did not mean to shoot or kill Roger’s brother. 
Appellant further told Roger that he would “gladly provide” anything
that he could in order for Roger to not testify.    

Article 38.075 of the Texas Code of
Criminal Procedure provides,  

(a)
    A defendant may not be convicted of an
offense on the testimony of a person to whom the defendant made a statement
against the defendant’s interest during a time when the person was imprisoned
or confined in the same correctional facility as the defendant unless the
testimony is corroborated by other evidence tending to connect the defendant
with the offense committed. In this subsection, “correctional facility” has the
meaning assigned by Section 1.07, Penal Code.

 

(b)
    Corroboration is not sufficient for
the purposes of this article if the corroboration only shows that the offense
was committed.

 

Tex. Code
Crim. Proc. Ann. art. 38.075 (Vernon Supp. 2011).

Article 38.075 does not apply to
the instant case because Roger testified as an eyewitness to the murder, not
simply a jail-house informant, and Roger’s punishment-phase testimony
concerning his conversation with appellant while incarcerated in the same cell was
not introduced for purposes of convicting appellant.   Thus, we cannot say that trial counsel was
ineffective in not requesting an instruction under article 38.075.  

In sum, appellant has not, in
regard to the punishment phase of trial, demonstrated that his trial counsel’s
performance fell below an objective standard of reasonableness.  Accordingly, we hold that appellant has not
satisfied Strickland’s first prong.

We overrule appellant’s first six
issues. 

Jury Instruction

          In
his seventh issue, appellant argues that the trial court erred in not
submitting to the jury an instruction that required corroboration of a “jail
house informant’s” testimony under article 38.075.

We review jury charge
error by considering whether (1) error exists in the charge and (2) if so,
whether sufficient harm resulted from the error to require reversal.  Ngo v. State, 175 S.W.3d 738, 744 (Tex. Crim. App. 2005).  As explained above, article 38.075 does not
apply to Roger’s punishment-phase testimony. 
Accordingly, we hold that the trial court did not err
in not sua sponte
submitting to the jury an instruction consistent with this article 38.075.

We overrule
appellant’s seventh issue.

 

 

 

 

 

 

Conclusion

          We
affirm the judgment of the trial court.  

 

 

                                                                   Terry
Jennings

                                                                   Justice


 

Panel
consists of Justices Jennings, Massengale, and Huddle.

Do
not publish.  Tex. R. App. P. 47.2(b).











[1]           See
Tex. Penal Code Ann. § 19.02(b)(1) (Vernon 2011).

 





[2]           See
Tex. Code Crim. Proc.
Ann. art. 38.075 (Vernon Supp. 2011).





[3]           See Brady v. Maryland, 373 U.S. 83, 83 S. Ct.
1194 (1963).

 





[4]
          To the extent that appellant
complains that some of the specific factual allegations made by his girlfriend
in her punishment-phase testimony concerning appellant’s prior assaults were
not disclosed in this notice, we note that the record does not support
appellant’s complaint that his girlfriend testified that she was “slammed”
against the wall.  Although the
girlfriend’s specific testimony concerning her pregnancy also was not contained
in the State’s notice, the specific incidents of assault were disclosed, and we
cannot conclude that appellant’s trial counsel was ineffective for failing to
request disclosure of such specific, factual information in the State’s
notice.  The record also reflects that
appellant’s trial counsel met with appellant’s girlfriend “on many occasions”
prior to trial and, although his questioning during the punishment phase of
trial reflects that he may have been unaware of the girlfriend’s specific
factual allegations of assault, counsel extensively cross-examined the
girlfriend concerning these allegations and sought to discredit  her testimony.