**AFFIRMED and Opinion Filed April 6, 2020**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-19-00216-CR

**GALE LAVERNE BLUNT, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 401st Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 401-81805-2018**

## MEMORANDUM OPINION

Before Justices Myers, Whitehill, and Pedersen, III
Opinion by Justice Whitehill

A jury convicted appellant of continuous sexual abuse of a child and the court sentenced him to thirty years in prison. In three issues, appellant argues that: (i) there is insufficient evidence to support his conviction because there is no evidence that two or more acts of sexual abuse took place in a period of thirty days or more; (ii) the trial court erred by admitting extraneous offense evidence because the State gave improper notice, and (iii) the extraneous offense evidence was improperly admitted because the danger for unfair prejudice outweighed the evidence's probative value.

For the reasons discussed below, we reject appellant's arguments and affirm the trial court's judgment.

## I. BACKGROUND

Appellant sexually abused his granddaughter BB in four different states from an early age until she was nearly fourteen years old. BB moved to Texas two months before her thirteenth birthday and there were multiple incidents of abuse that occurred over multiple months while she resided in Texas that year.

When BB was twenty-one, she called appellant and confronted him about the abuse. Appellant admitted that he abused BB and said he thought she enjoyed it. That call was recorded and later admitted into evidence at trial.

Appellant also admitted the abuse in a telephone call with BB's mother a week before trial. In that call, appellant discussed having charges in other states, and said, "I know I am guilty."

A jury convicted appellant of continuous sexual abuse of a young child and the court sentenced him to thirty years in prison..

## II. ANALYSIS

**A.    First Issue:  Is there sufficient evidence that two or more acts of sexual abuse took place in a period of thirty days or more?**

We review the sufficiency of the evidence to support a conviction by viewing all the evidence in the light most favorable to the verdict to determine whether any

rational factfinder could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v*. *Virginia*, 443 U.S. 307, 319 (1979).

This standard gives full play to the factfinder's responsibility to resolve testimonial conflicts, weigh the evidence, and draw reasonable inferences from basic facts to ultimate facts. *Id*. at 319; *Murray v. State*, 457 S.W.3d 446, 448 (Tex. Crim. App. 2015).

Because the factfinder is the sole judge of the evidence's weight and credibility, *see* TEX. CODE CRIM. PROC. art. 38.04; *Dobbs v. State*, 434 S.W.3d 166, 170 (Tex. Crim. App. 2014); we may not re-evaluate the weight and credibility of the evidence and substitute our judgment for that of the factfinder's when performing an evidentiary sufficiency review, *see Montgomery v. State*, 369 S.W.3d 188, 192 (Tex. Crim. App. 2012).

Instead, we determine whether the necessary inferences are reasonable based upon the cumulative force of the evidence when viewed in the light most favorable to the verdict. *Murra*y, 457 S.W.3d at 448. We must presume that the factfinder resolved any conflicting inferences in the verdict's favor and defer to that resolution. *Id.* at 448–49.

The standard of review is the same for direct and circumstantial evidence cases; circumstantial evidence is as probative as direct evidence in establishing guilt. *Dobbs*, 434 S.W.3d at 170; *Acosta v. State*, 429 S.W.3d 621, 625 (Tex. Crim. App. 2014).

Additionally, in a continuous sexual abuse of a child case, the testimony of the child victim alone is sufficient to support a conviction. *Garner v. State*, 523 S.W.3d 266, 271 (Tex. App.—Dallas 2017, no pet.).

Here, the State was required to prove that appellant committed two or more acts of sexual abuse against BB during a period of thirty days or more at a time when appellant was seventeen or older and BB was younger than fourteen. *See* TEX. PENAL CODE § 21.02(b).

Appellant's argument focuses on the sufficiency of the evidence that the abuse occurred over a period of thirty days of more. Viewing the evidence under the appropriate standard of review, we conclude the evidence is sufficient to establish this element of the offense.

BB and her family moved to Texas in June 2008, about two months before BB turned thirteen. That year, appellant abused her every time he visited from Kansas. BB recalled visits that occurred: (i) soon after her family moved to Texas; (ii) in April, and (iii) at Christmas. BB also said that appellant and his wife Carol would often visit for Carol's birthday in October, for appellant's birthday in February, and in March every other year.

BB said that appellant would come into her room at night, reveal himself, and touch her with his fingers over her clothes. He also abused her in the attic. They would play "hide and go seek" and he would reveal himself to her and he would put

his penis between her legs and hump her. His penis contacted her leg and this happened more than one time before she turned fourteen.

BB recalled one occasion in the attic when it was warm outside and she had a short sleeved shirt on. Her skin became red and itchy from the insulation in the attic and her mother asked her about it.

On another occasion, appellant abused her in the attic and she had on warmer clothes.

The last time appellant abused her in the attic BB was thirteen, and she ran away from him. She crawled out from underneath him and ran downstairs and through the garage. Appellant caught her in the garage, grabbed her shoulder, and promised to never do it again if BB didn't tell anyone. The abuse stopped after that.

The evidence shows two specific instances when appellant humped BB's leg in the attic, one when it was warm outside and another when it was cooler, and it also shows that BB was under fourteen (and appellant was over seventeen) when the abuse occurred. Because of at least BB's testimony about the changed temperature when these two incidents occurred, the jury could rationally infer that the abuse occurred during a period of thirty days or more. *See Gutierrez v. State*, No. 05-17-00772-CR, 2018 WL 2001614, at *3 (Tex. App.—Dallas Apr. 30, 2018 no. pet.) (mem. op., not designated for publication).

In addition, the jury could also consider appellant's periodic access to BB. BB said that something sexual happened every time appellant visited, and he visited

on more than one occasion after BB moved to Texas. *See Williams v. State*, 305 S.W.3d 886, 890 (Tex. App.—Texarkana 2010, no pet.) (evidence showed defendant had access to victim during the time period listed in indictment).

From this evidence a jury could rationally conclude that appellant abused BB more than once during a period that was thirty days of more. Appellant's first issue is resolved against him.

**B.     Second Issue:  Was the State's article 38.37 extraneous offense evidence notice sufficient when it referred to the victim's forensic interview that was available to appellant for more details?**

Yes, even assuming that the complaint was preserved, the State's notice was comparable to other similar notices that have been upheld.

### 1.     Background

Appellant's second issue argues that BB's extraneous offense testimony should not have been admitted because the State's notice was deficient. Specifically, appellant argues that (i) the notice does not satisfy article 38.37's requirements because it does not describe an offense and (ii) the notice failed to inform him of the evidence the State intended to present. *See* TEX. CODE CRIM. PROC. art. 38.37.

Article 38.37 allows the State to introduce evidence of any other crimes, wrongs, or acts committed by the defendant against the victim of the offense that he is on trial for in a prosecution for continuous sexual abuse of a young child for its bearing on any relevant matters, including: (i) the defendant's and victim's state of mind and (ii) the previous relationship between them. *See* TEX. CODE CRIM. PROC.

art. 38.37§1(b); *see also Dounley v. State*, No. 05-19-00036-CR, 2020 WL 415930, at *1 (Tex. App.—Dallas Jan. 27, 2020, no pet. h.) (mem. op., not designated for publication). It also allows the State to introduce evidence of a separate offense for relevant matters, including defendant's character and acts performed in conformity with his character.

To admit this evidence, the court must conduct a hearing outside the jury's presence and determine the evidence is sufficient to support a jury finding that the defendant committed the offense beyond a reasonable doubt. *Id.* § 2.

In addition, before the State may introduce evidence under either § 1 or § 2, it must provide notice to the defendant at least thirty days before trial. *See id.* § 3; *see also Stubblefield v. State*, No. 05-15-01124-CR, 2017 WL 343595, at *1 (Tex. App.—Dallas Jan. 18, 2017, pet. ref'd) (mem. op., not designated for publication).

Here, the State's timely 38.37 notice alleged:

a. Defendant was camping with the victim and defendant was rubbing lube on his private parts and he touched her private parts over the clothes. This occurred at a park between Oklahoma and Kansas and the victim remembers it as being funny to Defendant.

b. Defendant would also touch victim in California in her bedroom.

c. Defendant would also touch victim in Kansas at her grandparents' house.

d. Defendant touched victim over 100 times over the course of her life in four different states.

The notice also said that, "All of these offenses are described in victim's forensic interview which is available for viewing[.]"

–7–

Appellant requested a 38.37 hearing. Although the State requested that the hearing be conducted before jury selection, at appellant's request, the hearing was not held until just before BB testified before the jury.

During the hearing, BB testified in detail about specific incidents of abuse in Oklahoma, Kansas, and California. She also testified about the camping incident, which occurred in Eufaula. Appellant did not cross-examine her.

After BB's testimony, appellant objected that the State's notice was inadequate because: (i) BB testified to "some more different things" than were included in the notice and (ii) the notice was too general and did not allege a specific offense.

The State responded that the notice was general because the forensic interview, viewed by three people on appellant's behalf and transcribed by a court reporter, was referenced and BB did not testify about anything that was not in the forensic interview.

## 2. Preservation

Appellant did not dispute any of the above. Instead, he likened the State's response to an "open file policy" and argued:

> We have to be given specific notice of what it is they intend to offer and they offered some things in this hearing that were not provided for in the notice and those should not be able to be offered at trial since they were not noticed to us . . . . Anything [the State] did not specifically provide for, [it] should not be able to get into.

Rule 33.1(a) requires a party to raise his complaint in the trial court and obtain a ruling. TEX. R. APP. P. 33.1(a). General or imprecise objections will not preserve error unless the legal objection is obvious to the court and opposing counsel. *See Vasquez v. State*, 483 S.W.3d 550, 554 (Tex. Crim. App. 2016). Thus, the complaining party must let the trial judge know what he wants, why he thinks he is entitled to it, and do so clearly enough for the judge to understand him when the judge can to do something about it. *Pena v. State*, 285 S.W. 3d 459, 464 (Tex. Crim. App. 2009). Appellant did not meet these requirements here.

Furthermore, when proffered evidence includes both admissible and inadmissible evidence, the objecting party must specifically identify the inadmissible portion. *Wilkinson v. State*, 523 S.W.3d 818, 827 (Tex. App.— Houston [14th Dist.] 2017, pet. ref'd). If such evidence is offered and challenged, the trial court may safely admit it or exclude it all, and the losing party "will be made to suffer on appeal the consequences of his insufficiently specific offer or objection." *Jones v. State*, 843 S.W.2d 487, 492 (Tex. Crim. App. 1992).

Here, appellant failed to specify what he thought was not provided for in the notice. Consequently, his argument has not been preserved for our review. *See* TEX. R. APP. P. 33.1.

### 3. Adequacy

In addition, even had the argument been preserved, the notice was sufficient. Article 38.37 does not require that evidence of extraneous bad acts constitute a

separate offense. *See* TEX. CODE CRIM. PROC. art. 38.37. And the State's notice specified that it intended to offer evidence of (i) a separate offense, other crimes, wrong, or act; (ii) appellant touched [BB] over 100 times over the course of her life in four different states; and (iii) the extraneous offenses referred to were described by BB in her forensic interview that was available to the defense.

This was adequate to prevent appellant from being surprised and for him to prepare an adequate defense. *See Villareal v. State*, 470 S.W.3d 168, 176 (Tex. App.—Austin 2015, no pet.); *see also Anderson v. State,* 07-08-0332-CR, 2009 WL 2341865, at *3 (Tex. App.—Amarillo July 30, 2009, no pet.) (mem. op., not designated for publication) (State's notice concerning "any and all matters relating to multiple offenses" coupled with production of victim's videotaped statement adequate notice); *Roman v. State*, 986 S.W.2d 64, 65–67 (Tex. App.—Austin 1999, pet. ref'd) (notice of "all acts of sexual activity and/or sexual misconduct as well as miscellaneous conduct" in attached thirty-one-page offense report adequate notice).[1]

We thus resolve appellant's second issue against him.

---

[1] Further, even if we assume the trial court erred, appellant does not articulate how his trial strategy would have been different had he been given more information. *See Pena v. State*, 554 S.W.3d 242, 249 (Tex. App.—Houston [14th Dist.] 2018, pet ref'd).

**C Appellant's Third Issue: Did the trial court err by deciding that the extraneous evidence's probative value was not outweighed by its danger for unfair prejudice?**

No. The alleged error was not preserved. But even if we assume preservation, the trial court did not abuse its discretion by admitting the evidence.

**1. Preservation**

After the trial court overruled appellant's 38.37 objection, appellant's counsel said:

> Your Honor, may I make my objections to that under trial objection "B" and have that due course of law, due process, Sixth and Fourteenth Amendment, hearsay, 403 violation of 38.37. So that would be trial objection "B" and then ask for a running objection on that throughout her testimony?

When the trial judge said, "You may do that," appellant responded, "May I have that? Are you granting that?" The judge replied, "Yes."

This "shotgun" objection was not sufficient to preserve appellant's Rule 403 objection for review. *See Webb v. State*, 899 S.W.2d 814, 818 (Tex. App.—Waco 1995, pet. ref'd) (shotgun objections, citing many grounds for objection without argument, will not preserve points based on authority which is merely mentioned in the trial court).

Again, appellant failed to identify which portions of the extraneous evidence were objectionable under Rule 403. *See Ross v. State*, 154 S.W. 3d 804, 812 (Tex. App.—Houston [14th Dist.] 2004, pet. ref'd) (Rule 403 objection not preserved

–11–

because appellant did not object to the portions of video he claimed were inadmissible).

In addition, appellant did not obtain a ruling on the additional objections he made after his 38.37 objection was overruled. *See Smith v. State,* 499 S.W.3d 1, 5 (Tex. Crim. App. 2016) (must get a ruling or object to refusal to rule).

## 2. No Abuse of Discretion

Rule 403 allows the exclusion of evidence if its probative value is substantially outweighed by a danger of unfair prejudice or misleads the jury. See TEX. R. EVID. 403. "The probative force of evidence refers to how strongly it serves to make the existence of a fact of consequence more or less probable." *Gonzalez v. State*, 544 S.W.3d 363, 372 (Tex. Crim. App. 2018).

Relevant evidence is presumed to be more probative than prejudicial. *Santellan v. State*, 939 S.W.2d 155, 169 (Tex. Crim. App. 1997). Evidence is unfairly prejudicial if it has the capacity to lure the factfinder into declaring guilt on a ground other than proof specific to the offense charged. *Manning v. State*, 114 S.W.3d 922, 928 (Tex. Crim. App. 2003).

The trial judge has substantial discretion in balancing probative value and unfair prejudice. *See Powell v. State*, 189 S.W.3d 285, 288 (Tex. Crim. App. 2006).

When conducting a Rule 403 balancing test, courts should consider: (i) the evidence's probative force; (ii) the proponent's need for the evidence; (iii) the evidence's potential to suggest a decision on an improper basis; (iv) the evidence's

–12–

tendency to distract the jury from the main issues; (v) any tendency for the jury to give the evidence undue weight because it has not been fully equipped to evaluate the evidence's probative force; and (vi) the likelihood that presenting the evidence will consume an inordinate amount of time. *See Gigliobianco v. State*, 210 S.W.3d 637, 641–642 (Tex. Crim. App. 2006).

We will uphold the judge's ruling as long as it is within the zone of reasonable disagreement. *Manning*, 114 S.W.3d at 343-44.

Here, the extraneous evidence was relevant to BB's state of mind, appellant's state of mind, and their relationship before and after the conduct.

The State's need for the evidence was high. Evidence of what occurred in other states, gave the jury context for the sexual assaults in Texas and negated a false impression about BB's and appellant's relationship before the abuse in Texas. Moreover, the evidence aided the State in showing the extent and duration of the abuse and that it occurred from an early age until she was nearly fourteen.

The potential for the jury to decide the case on an improper basis, be confused or distracted, or assign undue weight to the evidence was low. The extraneous conduct was very similar to the charged offense so there was nothing new that might inflame the jury. And the extraneous conduct was not likely to confuse the jury about whether appellant abused BB in Texas over a period of thirty days or more.

Although the time used to develop the testimony was not insignificant, the testimony was required to give context to BB's and appellant's relationship in Texas

–13–

as well as to the charged conduct that occurred there.  BB's trial testimony is in 136 pages of the record; 118 pages of which are full trial testimony and 18 pages devoted to testimony about abuse in other states.

And even if this prong of the test weighs against the trial court's ruling, the other factors support it.

Thus, on this record, we cannot conclude that the trial court's decision to admit the testimony was outside the zone of reasonable disagreement. *See generally*, *Beeham v. State*, 559 S.W.3d 474, 478 (Tex. Crim. App. 2018) (no abuse of discretion if decision within zone of reasonable disagreement).

Accordingly, we resolve appellant's third issue against him.

### III.  CONCLUSION

Having resolved all of appellant's issues against him, the trial court's judgment is affirmed.

/Bill Whitehill/
BILL WHITEHILL
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
190216F.U05

–14–



## Court of Appeals
## Fifth District of Texas at Dallas

**JUDGMENT**

GALE LAVERNE BLUNT,
Appellant

No. 05-19-00216-CR        V.

THE STATE OF TEXAS, Appellee

On Appeal from the 401st Judicial
District Court, Collin County, Texas
Trial Court Cause No. 401-81805-
2018.
Opinion delivered by Justice
Whitehill. Justices Myers and
Pedersen, III participating.

Based on the Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

Judgment entered April 6, 2020